```
 1  Spencer A. Schneider (SBN 175071)
    saschneider@b3law.com
 2  John J. Moura (SBN 082457)
    jjmoura@b3law.com
 3  BERMAN, BERMAN & BERMAN, LLP
    11900 W. Olympic Blvd., Suite 600
 4  Los Angeles, California 90064
    Telephone (310) 447-9000
 5  Facsimile (310) 447-9011

 6  Attorneys for Defendant
    GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC.
 7  (Erroneously sued and served as GAINSCO, INC.)
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BLAJIT SINGH, individually and allegedly doing business as GREYLINE CAB/YELLOW CAB,<br><br>    Plaintiff,<br><br>v.<br><br>GAINSCO, INC. and DOES 1-10,<br><br>    Defendant. | CASE NO. C08-03874 PJH<br><br>[Rule 12(b)(6)]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  09/24/08<br>Time:  9:00 a.m.<br>Ctrm:  3 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on September 24, 2008 at 9:00 a.m., or soon thereafter as counsel may be heard in Courtroom 3 of the above-referenced Court located at 450 Golden Gate Avenue in San Francisco, California, defendant General Agents Insurance Company of America, Inc. (erroneously sued and served as GAINSCO, INC. and

hereafter "GAINSCO") will and hereby does move this Court for an Order dismissing this action.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff's claims against GAINSCO are time-barred and, therefore, fail to state a claim upon which relief can be granted. This motion is based on this notice, the attached memorandum of points and authorities, all pleadings and papers filed herein, and on such other matters as may be presented at the hearing on this motion.

Dated: August 18, 2008        BERMAN, BERMAN & BERMAN, LLP

By: _____
       Spencer A. Schneider
       John J. Moura
       Attorneys for Defendant
       GENERAL AGENTS INSURANCE
       COMPANY OF AMERICA, INC.
       (Erroneously sued and served
             as GAINSCO, INC.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## ISSUE TO BE DECIDED

This action arises out of the alleged disclaimer of coverage by defendant General Agents Insurance Company of America, Inc. (erroneously sued and served as GAINSCO, INC. and hereafter "GAINSCO") to Baljit Singh, individually and allegedly doing business as Greyline Cab/Yellow Cab (hereafter "Singh"), in connection with an underlying personal injury lawsuit (hereafter the "Kuljeet Action"). Singh contends that GAINSCO had a duty to defend and indemnify him in the Kuljeet Action, and that GAINSCO's refusal to defend and indemnify was both wrongful, constituting a breach of contract, and unreasonable, constituting tortious "bad faith."

The issue to be decided on this motion is whether the Kuljeet Action is time-barred. The Kuljeet Action went to final judgment in February of 2000. The statute of limitations for an action based upon a written contract is four years (Cal. Civ. Proc. §337), and the statute of limitations for an action based on tortious bad faith is two years. (Cal. Civ. Proc. §339(1).) Singh did not commence the instant action for breach of contract and bad faith until June 27, 2008, over eight years after the Kuljeet Action was terminated by final judgment. Therefore, Singh's lawsuit against GAINSCO is time-barred as a matter of law.

## II.

## STATEMENT OF RELEVANT FACTS

Singh avers that he was named as a defendant in the Kuljeet Action (Complaint, 3:5-6), that he "timely tendered the Kuljeet Action complaint to GAINSCO" for a defense and indemnity (Complaint, 3:9-10), that GAINSCO "refused and continues to refuse to defend and indemnify" Singh (Complaint, 4:16-17), and as a result "the matter went into default." (Complaint, 3:7-8). Despite Singh's efforts "to set aside that default" (Complaint, 3:11), a default judgment was entered against Singh on February 28, 2000. (See Judgment By Court After Default, attached as Exhibit "A" to Singh's Complaint.)

On June 27, 2008, Singh commenced the instant action against GAINSCO in the Alameda County Superior Court entitled *Singh, et al. v. GAINSCO, Inc.*, Case No. RG08395501. The action was timely removed to this Court. GAINSCO denies that it issued an insurance policy to Singh, either individually or doing business as Greyline Cab/Yellow Cab.

## III.

## SINGH'S CLAIMS FOR RELIEF ARE TIME BARRED

The statue of limitations for a breach of contract claim in California is four years. Cal. Code Civ. Proc., §337. The statue of limitations for a tortious bad faith claim is two years. Cal. Code Civ. Proc.,

§339(1); *Velasquez v. Truck Ins. Exchange* (1991) 1 Cal. App.4th 712, 719-721 [5 Cal. Rptr. 2d 1]; *Frazier v. Metropolitan Life Ins. Co.* (1985) 169 Cal.App.3d 90 [214 Cal.Rptr. 883].

In *Lambert v. Commonwealth Land Title Ins. Co.* (1991) 53 Cal.3d 1072 [282 Cal. Rptr. 445, 811 P.2d 737], the California Supreme Court held that an action founded upon a liability insurer's alleged breach of its contractual duty to defend its insured in a third-party lawsuit is tolled until the lawsuit is over:

> "The protection provided pursuant to a policy of title insurance would ring resoundingly hollow were the holder compelled to simultaneously enforce rights under the policy and defend a costly and potentially devastating claim against the subject property. Thus, we recognize the justice and fairness of equitably tolling the insured's action to establish coverage <u>until resolution of the underlying claim.</u>"

*Id.* at 1077 (Emphasis added).

In *Eaton Hydraulics Inc. v. Continental Casualty Co.* (2005) 132 Cal.App.4th 966 [34 Cal.Rptr. 3d 91], California's Second District Court of Appeal followed *Lambert* in explaining that an action based on an

insurer's alleged breach of its duty to defend accrues upon the insurer's refusal to defend, but is equitably tolled "until the underlying lawsuit is terminated by a final judgment":

> "[I]t is settled that the duty to defend is continuing, and that the limitations period is equitably tolled from the time the cause of action accrues - upon CNA's refusal to defend - <u>until the underlying lawsuit is terminated by a final judgment</u>. (*Lambert, supra,* 53 Cal.3d at pp. 1077, 1079.)"

*Id.* at 973-974 (Emphasis added).

Here, the Kuljeet Action was terminated by final judgment on February 28, 2000. Singh did not file the instant action until June 27, 2008, <u>over eight years later</u>. Although Singh's claims against GAINSCO based on GAINSCO's alleged breach of its contractual duties may have been tolled up until the judgment was entered in the Kuljeet Action, that tolling period ended and the limitations period started running on February 28, 2000, when the judgment became final. Because both periods of limitations applicable to Singh's claims expired well before Singh filed the instant action, Singh's claims against GAINSCO are time-barred.

///

Accordingly, Singh does not (and cannot) state a claim upon which relief can be granted.

### IV.
### CONCLUSION

Based upon the above, GAINSCO respectfully requests that Singh's motion to dismiss be granted without leave to amend.

Dated: August 18, 2008

BERMAN, BERMAN & BERMAN, LLP

By: *[signature]*
Spencer A. Schneider
John J. Moura
Attorneys for Defendant
GENERAL AGENTS INSURANCE
COMPANY OF AMERICA, INC.
(Erroneously sued and served as GAINSCO, INC.)

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 11900 West Olympic Blvd., Ste. 600, Los Angeles, California 90064.

On August 18, 2008, I served the foregoing document described as **"NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF"** on the interested parties in this action by placing a [X] true copy thereof [] the original document enclosed in a sealed envelope addressed as follows:

[SEE ATTACHED SERVICE LIST]

__X__  (BY MAIL) In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices.

_____  (BY PERSONAL SERVICE)
  ____ By personally delivering copies to the person served.
  ____ I delivered such envelope by hand to the office of the addressee pursuant to C.C.P. Section 1011.
  ____ I caused such envelope to be delivered by hand to the office of the addressee, either by overnight delivery via Overnite Express.
  ____ I caused such envelope to be delivered to the office of the addressee, by telecopier or facsimile machine. Proof of such delivery is attached hereto.

STATE
__X__  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 18, 2008, at Los Angeles, California.

__ANI MAKHANIAN__                    _____
Name                                  Signature

# Service List

*SINGH v. GAINSCO, INC.*

United States District Court Case No. C08-03874 PJH

Alameda County Superior Court Case No. RG08395501

Alexander J. Berline, Esq.
Christine Hiler, Esq.
**HANSON BRIDGETT, LLP**
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone (415) 777-3200
Facsimile (415) 541-9366
Attorneys for Plaintiff
BALJIT SINGH, individually and
allegedly doing business as GREYLINE CAB/YELLOW CAB