1 | Spencer A. Schneider (SBN 175071)
saschneider@b3law.com
2 | John J. Moura (SBN 082457)
jjmoura@b3law.com
3 | BERMAN, BERMAN & BERMAN, LLP
11900 W. Olympic Blvd., Suite 600
4 | Los Angeles, California 90064
Telephone (310) 447-9000
5 | Facsimile (310) 447-9011

6 | Attorneys for Defendant
GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC.
7 | (Erroneously sued and served as GAINSCO, INC.)

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | BLAJIT SINGH,                    CASE NO. C08-03874 PJH
individually and
12 | allegedly doing business        [28 U.S.C. §1446(d)]
as GREYLINE CAB/YELLOW
13 | CAB,

14 |        Plaintiff,               **PROOF OF SERVICE OF
                                    ADVERSE PARTY OF REMOVAL
15 | v.                             OF ACTION TO FEDERAL COURT**

16 | GAINSCO, INC. and DOES 1
-10,
17 |
        Defendant.
18 |

19 | _____

20 |

21 | TO THE UNITED STATES DISTRICT COURT:

22 |     I, Ani Makhanian, am employed in the County of Los

23 | Angeles, State of California.  I am over the age of 18

24 | and not a party to the within action.

25 |     On August 12, 2008, I served opposing counsel by

26 | depositing a sealed envelope for collection and mailing

27 | with the United States Postal Service at Los Angeles,

28 | California with a true and correct copy of Notice to

1  Adverse Party of Removal of Action to Federal Court

2  (attached hereto as Exhibit "A") and a copy of Notice

3  of Filing Removal of Action with Federal Court

4  (attached hereto as Exhibit "B").

5      I declare under the penalty of perjury under the

6  laws of State of California that the foregoing is true

7  and correct.

8      Executed this 27th day of August, 2008 at Los

9  Angeles, Caifornia.

10  _____

11      ANI MAKHANIAN, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE OF ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 11900 West Olympic Blvd., Ste. 600, Los Angeles, California 90064.

    On August 26, 2008, I served the foregoing document described as **"PROOF OF SERVICE OF ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT"** on the interested parties in this action by placing a [X] true copy thereof [] the original document enclosed in a sealed envelope addressed as follows:

                    [SEE ATTACHED SERVICE LIST]

  X     (BY MAIL)  In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices.

       (BY PERSONAL SERVICE)
           ____ By personally delivering copies to the person served.
           ____ I delivered such envelope by hand to the office of  the addressee pursuant to C.C.P. Section 1011.
           ____ I caused such envelope to be delivered by hand to the office of the addressee, either by overnight delivery via Overnite Express.
           ____ I caused such envelope to be delivered to the office of the addressee, by telecopier or facsimile machine.  Proof of such delivery is attached hereto.

STATE
  X     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on August 26, 2008, at Los Angeles, California.

    ANI MAKHANIAN
Name                    Signature

PROOF OF SERVICE OF ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

# Service List

_____

*SINGH v. GAINSCO, INC.*

Alameda County Superior Court Case No.    RG08395501

United States District Court Case No.    TBA

_____

Alexander J. Berline, Esq.
Christine Hiler, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone (415) 777-3200
Facsimile (415) 541-9366
Attorneys for Plaintiff
BALJIT SINGH, individually and
allegedly doing business as GREYLINE CAB/YELLOW CAB

PROOF OF SERVICE OF ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT "A"

(c)COPY

1  Spencer A. Schneider (SBN 175071)
   Karen E. Adelman (SBN 216927)
2  John J. Moura (SBN 082457)
   BERMAN, BERMAN & BERMAN, LLP
3  11900 W. Olympic Blvd., Suite 600
   Los Angeles, California 90064
4  Telephone (310) 447-9000
   Facsimile (310) 447-9011
5
6  Attorneys for Defendant
   GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC.
   (Erroneously sued and served as GAINSCO, INC.)
7

8              SUPERIOR COURT OF CALIFORNIA

9                FOR THE COUNTY OF ALAMEDA

10

11 BLAJIT SINGH, individually and)    CASE NO. RG08395501
   allegedly doing business as   )
12 GREYLINE CAB/YELLOW CAB,        )   [28 U.S.C. §1446(d)]
                                   )
13            Plaintiff,           )   **NOTICE TO ADVERSE PARTY OF**
                                   )   **REMOVAL OF ACTION TO FEDERAL**
14 v.                              )   **COURT**
                                   )
15 GAINSCO, INC. and DOES 1 -10,   )
                                   )
16            Defendant.           )
   _____)

17

18     TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

19     PLEASE TAKE NOTICE that on August 13, 2008, a Notice of

20 Removal of this action was filed in the United States District

21 Court for the Northern District of California.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Stamp (top right):
ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 3 2008

CLERK OF THE SUPERIOR COURT
By _____ CHERYL CLARK
                        Deputy

1      A copy of the said Notice of Removal is attached to this

2   Notice and is served and filed herewith.

3

4   Dated: August 12, 2008                 BERMAN, BERMAN & BERMAN, LLP

5

6                                   By: _____
                                         Spencer A. Schneider
7                                        Karen E. Adelman
                                         John J. Moura
8                                    Attorneys for Defendant
                                    GENERAL AGENTS INSURANCE COMPANY
9                                        OF AMERICA, INC.
                                    (Erroneously sued and served as
                                         GAINSCO, INC.)
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Spencer A. Schneider (SBN 175071)
Karen E. Adelman (SBN 216927)
2 | John J. Moura (SBN 082457)
BERMAN, BERMAN & BERMAN, LLP
3 | 11900 W. Olympic Blvd., Suite 600
Los Angeles, California 90064
4 | Telephone (310) 447-9000
Facsimile (310) 447-9011
5 |
Attorneys for Defendant
6 | GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC.
(Erroneously sued and served as GAINSCO, INC.)
7 |

8 |                    UNITED STATES DISTRICT COURT

9 |                  NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | BLAJIT SINGH, individually and)   CASE NO.
     allegedly doing business as    )
12 | GREYLINE CAB/YELLOW CAB,        )   [28 U.S.C. §1441(a)]
                                     )
13 |          Plaintiff,             )   **NOTICE OF REMOVAL OF ACTION;**
                                     )   **DEMAND FOR JURY TRIAL**
14 | v.                              )
                                     )
15 | GAINSCO, INC. and DOES 1 -10,   )
                                     )
16 |          Defendant.             )
     _____)
17 |

18 |      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19 |      PLEASE TAKE NOTICE that defendant General Agents Insurance

20 | Company of America, Inc., erroneously sued and served as GAINSCO,

21 | INC. (hereinafter "Gainsco"), hereby removes to this Court, based

22 | upon diversity jurisdiction, the state court action described

23 | below.

24 |      1.   On June 27, 2008, plaintiff Baljit Singh, individually

25 | and allegedly doing business as Greyline Cab/Yellow Cab

26 | (hereinafter "Singh"), commenced an action in the Superior Court

27 | of the State of California for the County of Alameda, entitled

28 | ///

                                    1

1  *Singh, et al. v. GAINSCO, Inc.*, Case No. RG08395501.  A true and

2  correct copy of said complaint is attached hereto as Exhibit "A."

3      2.   The first date upon which Gainsco received a copy of

4  the above-mentioned complaint was July 14, 2008, when plaintiff

5  served the summons and complaint upon Gainsco.  A true and

6  correct copy of the summons is attached hereto as Exhibit "B."

7  No other pleadings were served upon or received by Gainsco prior

8  to August 12, 2008.

9      3.   No further proceedings have been conducted in this

10 matter in the Superior Court of the State of California for the

11 County of Alameda.

12     4.   This action is a civil action over which this Court has

13 original jurisdiction pursuant to 28 U.S.C. §1332 in that it is a

14 civil action between citizens of different states and the matter

15 in controversy exceeds the sum or value of $75,000.00, exclusive

16 of interests and costs.  Therefore, pursuant to the provisions of

17 28 U.S.C. §1441(a), Gainsco may remove this action to this Court.

18     5.   Gainsco is informed and believes that plaintiff was, at

19 the time of the filing of this action, and still is a citizen of

20 the State of California.  Gainsco was, at the time of the filing

21 of this action, and still is a corporation incorporated under the

22 laws of the State of Oklahoma and has its principal place of

23 business in the State of Texas.

24     6.   The only defendants other than Gainsco are DOE

25 defendants.  These defendants are wholly fictitious and sham

26 parties against whom no relief is, or could be, sought in this

27 action.  Pursuant to 28 U.S.C. §1441(a), this Court should

28 disregard the citizenship of any defendant sued under this

2

1  fictitious name.  Accordingly, it is not necessary that any other

2  parties join in this notice of removal of action.

3       7.   This is an insurance bad faith action in which

4  plaintiff's complaint prays for special and general damages in an

5  amount no less than $925,000, representing the sum plaintiff

6  allegedly paid in settlement to satisfy a default judgment

7  entered in an underlying action entitled *Kuljeet Singh, et al. v.*

8  *Baljit Singh, etc.,* Contra Costa County Superior Case No. C99-

9  01230. In addition, plaintiff prays for punitive damages and

10 attorneys' fees pursuant to *Brandt v. Superior Court* (1985) 37

11 Cal.3d 813.  Thus, the amount in controversy, exclusive of

12 interest and costs, exceeds the sum of $75,000.00.

13      8.   This notice is filed with this Court within 30 days

14 after service upon Gainsco of summons and complaint in the

15 above-entitled action.  Therefore, this removal is timely as

16 required by 28 U.S.C. §1446(b).

17      9.   Pursuant to 28 U.S.C. §1446(a), true and correct copies

18 of all process, pleadings, and orders served by or upon Gainsco

19 in the state court action are attached collectively hereto as

20 Exhibit "C."

21

22 Dated: August 12, 2008          BERMAN, BERMAN & BERMAN, LLP

23

24                       By: _____
                              Spencer A. Schneider
25                            Karen E. Adelman
                              John J. Moura
26                            Attorneys for Defendant
                         GENERAL AGENTS INSURANCE COMPANY
27                              OF AMERICA, INC.
                         (Erroneously sued and served as
28                              GAINSCO, INC.)

NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

<u>DEMAND FOR JURY TRIAL</u>

1

2      PLEASE TAKE NOTICE that defendant General Agents Insurance

3  Company of America, Inc., erroneously sued and served as GAINSCO,

4  INC., hereby demands trial by jury of the above-entitled action.

5

6  Dated: August 12, 2008                BERMAN, BERMAN & BERMAN, LLP

7

8                                   By: _____
                                        Spencer A. Schneider
9                                         Karen E. Adelman
                                          John J. Moura
10                                     Attorneys for Defendant
                                    GENERAL AGENTS INSURANCE COMPANY
11                                       OF AMERICA, INC.
                                    (Erroneously sued and served as
12                                          GAINSCO, INC.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1    HANSON BRIDGETT LLP
     ALEXANDER J. BERLINE - 158098
2    aberline@hansonbridgett.com
     CHRISTINE HILER - 245331
3    chiler@hansonbridgett.com
     425 Market Street, 26th Floor
4    San Francisco, CA  94105
     Telephone:  (415) 777-3200
5    Facsimile:  (415) 541-9366

6    Attorneys for Plaintiff BALJIT SINGH,
     individually and allegedly doing business as
7    GREYLINE CAB/YELLOW CAB

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
By _____
**M. Hayes**
Deputy

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **COUNTY OF ALAMEDA**

11

12    BALJIT SINGH, individually and
     allegedly doing business as
13    GREYLINE CAB/YELLOW CAB,

14            Plaintiff,

15      v.

16    GAINSCO INC. and DOES 1 - 10,

17            Defendant.

No. RG 08 3 9 5 5 0 1

**COMPLAINT FOR DAMAGES**

18

19

20                  **INTRODUCTION**

21

22       Taxi driver Kuljeet Singh was injured on April 23, 1998 while driving a taxi cab

23    (Yellow Cab #112, CA #5S18784), filed a complaint making certain allegations against

24    BALJIT SINGH ("BALJIT"), and obtained a substantial judgment.  This is an action by

25    BALJIT against the Auto & General Liability insurer, defendant GAINSCO, INC.

26    (hereinafter, "GAINSCO"), and DOES 1 through 10 (collectively referred to as

27    "Defendants"), to recover sums paid to satisfy that Kuljeet Singh judgment (a true and

28    correct copy which is attached hereto as Exhibit A).

                      - 1 -

1536916.2

## PARTIES

1.     At all times herein mentioned, Bay Area Taxi Management, Inc. ("BATM") was a California corporation with its principal place of business in Oakland, California. BATM managed the operations of the Yellow Cab fleet, and BALJIT was an officer of BATM.

2.     At all times herein mentioned, BALJIT was an individual and a resident of Alameda, California.

3.     At all times herein mentioned, GAINSCO was a Texas insurer authorized to do business in the State of California.

4.     The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who, therefore, sues said Defendants under such fictitious names. Plaintiff is informed and believes, and thereon allege, that each of the Defendants designated herein as a "DOE" are responsible in some manner for the events and happenings herein referred to and caused some injuries and damages to Plaintiff as herein alleged.

## THE INSURANCE POLICY

5.     On information and belief, in 1997, Plaintiff submitted an application for Auto & General Liability Insurance to GAINSCO.  On information and belief, thereafter, in consideration of premium payments, GAINSCO by its duly authorized agents executed and delivered in Oakland, California, an Auto & General Liability policy of insurance bearing policy number GPP143242, which was effective October 26, 1997, to October 26, 1998 (hereinafter, the "GAINSCO POLICY").

## THE UNDERLYING KULJEET ACTION

6.     On information and belief, on or about early 1998 Kuljeet Singh entered into an independent contractor agreement to perform taxi cab driver duties for GREYLINE CAB/YELLOW CAB.

7.     On information and belief, on or about April 23, 1998, Kuljeet Singh responded to a call at 935 Triangle Court, Richmond, California.  Kuljeet Singh alleged

- 2 -

1   that the safety shield, between the passenger and driver compartments, was defective.

2   Kuljeet Singh further alleged that GREYLINE/YELLOW cab violated its own safety

3   guidelines in dispatching the call. Due to this alleged negligence, Kuljeet Singh alleged

4   that he was severely injured in a gun shotting incident (hereinafter, the "INCIDENT").

5         8.    Kuljeet Singh and his wife filed a suit for negligence, assault, and loss of

6   consortium against Plaintiff (hereinafter, the "KULJEET ACTION").

7         9.    Plaintiff was not served with the KULJEET ACTION complaint, and the

8   matter went into default.

9         10.   On information and belief, Plaintiff timely tendered the KULJEET ACTION

10  complaint to GAINSCO, and/or its agents.

11        11.   Prior counsel for Plaintiff tried to set aside that default, but the request was

12  denied and a substantial default judgment was entered (1) in favor of Kuljeet Singh in

13  the sum of one million dollars ($1,000,000), together with costs and disbursements, and

14  interest on said judgment; and (2) in favor of Kuljeet Singh's wife in the sum of fifty

15  thousand ($50,000), together with costs and disbursements, and interest on said

16  judgment.

17        12.   The matter was dormant for several years, until counsel for Kuljeet Singh

18  and his wife started enforcement proceedings on the judgment, which the parties

19  eventually settled for $925,000 (which has now been paid).

20        13.   On May 1, 2008, counsel for Plaintiff sent a letter to GAINSCO seeking

21  reimbursement of these sums and of all defense expenses fees and costs. GAINSCO

22  disputes responsibility and refuses to reimburse Plaintiff.

                          **JURISDICTION AND VENUE**

24        14.   Jurisdiction is proper in this Superior Court in and for the City and County

25  of Alameda pursuant to California Code of Civil Procedure section 410.10 because this

26  Court has general subject matter jurisdiction and no statutory exceptions to jurisdiction

27  exist.

28        15.   Venue is proper in the City and County of Alameda pursuant to California

                                    - 3 -

COMPLAINT FOR DAMAGES                                              1536916.2

1   Code of Civil Procedure section 395.5, *inter alia*, because the contracts of insurance

2   were delivered and performed in Alameda.

3                           **FIRST CAUSE OF ACTION**

4   **(Breach of Insurance Contract, By Plaintiff Against GAINSCO, and DOES 1-10.)**

5       16.     Plaintiff incorporates by reference, as though fully set forth herein, the

6   above paragraphs 1 through 15.

7       17.     On information and belief, Plaintiff fully and timely complied with all

8   provisions of the GAINSCO POLICY including, but not limited to, timely payment of the

9   premium and timely tender of the underlying claim and the KULJEET ACTION to

10   GAINSCO.   In the alternative, Plaintiff alleges that he was excused from full compliance

11   because the insurance at issue was mandatory and required by State and/or Local law.

12       18.     GAINSCO was and is contractually obligated to defend and indemnify

13   Plaintiff from suits for bodily injury.

14       19.     Plaintiff was sued in the KULJEET ACTION for bodily injury stemming from

15   the INCIDENT.   Plaintiff demanded that he be defended and indemnified under the

16   GAINSCO POLICY.   GAINSCO has refused and continues to refuse to defend or

17   indemnify Plaintiff, and therefore is in breach of contractual obligations GAINSCO

18   undertook in the GAINSCO POLICY.

19       20.     Plaintiff performed all other duties as required under the GAINSCO

20   POLICY, except those duties which have been excused by GAINSCO'S breach or non-

21   performance.

22       21.     The acts of GAINSCO alleged above were done unreasonably and in

23   breach of the GAINSCO POLICY and the contractual covenant of good faith and fair

24   dealing.

25       22.     As a proximate result of GAINSCO'S contractual breaches, Plaintiff has

26   been compelled to engage counsel and to incur attorneys' fees and other costs and

27   expenses in the defense of the KULJEET ACTION and in prosecution of this Complaint.

28

COMPLAINT FOR DAMAGES                                       1536916.2

1   As a further proximate result of GAINSCO's wrongful denial, Plaintiff has been

2   compelled to incur related expenses all according to proof, including but not limited to

3   paying the $925,000 settlement.

### SECOND CAUSE OF ACTION

4

5   **(Declaratory Relief, That GAINSCO is Obligated to Defend Plaintiff from the
    KULJEET ACTION, By Plaintiff Against GAINSCO, and DOES 1-10.)**

6

7       23.    Plaintiff incorporates by reference, as though fully set forth herein, the

8   above paragraphs 1 through 22.

9       24.   An actual controversy has arisen and now exists between Plaintiff and

10  GAINSCO concerning their respective rights and duties in that GAINSCO contends that

11  it has no obligation to defend Plaintiff from the KULJEET ACTION despite, on

12  information and belief, Plaintiff's proper tender.  Plaintiff contends that GAINSCO is

13  obligated to defend Plaintiff.

14      25.    A judicial declaration is necessary and appropriate at this time under the

15  circumstances in order that Plaintiff may ascertain their rights and duties under the

16  GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO

17  must defend Plaintiff from the KULJEET ACTION.

### THIRD CAUSE OF ACTION

18

19  **(Declaratory Relief, That GAINSCO is Obligated to Indemnify Plaintiff from the
    SINGH LAWSUIT, By Plaintiff Against GAINSCO, and DOES 1-10.)**

20      26.    Plaintiff incorporates by reference, as though fully set forth herein, the

21  above paragraphs 1 through 25.

22      27.   An actual controversy has arisen and now exists between Plaintiff and

23  GAINSCO concerning their respective rights and duties in that GAINSCO contends that

24  it has no obligation to indemnify Plaintiff from the KULJEET ACTION.  Plaintiff contends

25  that GAINSCO is obligated to indemnify Plaintiff.

26      28.  .  A judicial declaration is necessary and appropriate at this time under the

27  circumstances in order that Plaintiff may ascertain his rights and duties under the

28

- 5 -

COMPLAINT FOR DAMAGES                                                    1536916.2

1    GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO

2    must indemnify Plaintiff from the KULJEET ACTION.

### FOURTH CAUSE OF ACTION

**(Tortious Bad Faith Denial of Duty to Defend and/or Indemnify, By Plaintiff Against GAINSCO, and DOES 1-10.)**

6        29.    Plaintiff incorporates by reference, as though fully set forth herein, the

7    above paragraphs 1 through 28.

8        30.    GAINSCO'S acts alleged above were done unreasonably and in tortuous

9    breach of the covenant of good faith and fair dealing.

10       31.    As a proximate result of GAINSCO'S refusal to cover the INCIDENT,

11   Plaintiff was compelled to incur attorneys' fees and other costs and expenses in the

12   defense of the KULJEET ACTION and the litigation of this Complaint.  As a further

13   proximate result of GAINSCO'S wrongful denial Plaintiff has been forced to incur related

14   expenses all according to proof, including but not limited to paying the $925,000

15   settlement.

16       32.    The acts of GAINSCO alleged above were done intentionally, maliciously,

17   oppressively, and with the intent of defrauding Plaintiff, who may therefore recover

18   exemplary or punitive damages.

### PRAYER

19       WHEREFORE, Plaintiff prays as follows:

20       1.    For damages according to proof for breach of contract;

21       2.    For general and compensatory damages from GAINSCO according to

22   proof;

23       3.    For defense attorneys' fees and costs;

24       4.    For prejudgment interest in an amount to be proven at the time of trial;

25       5.    For a declaration that GAINSCO must defend Plaintiff from the KULJEET

26   ACTION;

27       6.    For a declaration that GAINSCO must indemnify Plaintiff from the

28

- 6 -

1   KULJEET ACTION;

2       7.      For attorneys' fees and costs incurred in obtaining GAINSCO POLICY

3   benefits, as provided by law (i.e., *Brandt v. Sup. Ct.* (*Standard Ins. Co.*) (1985) 37 Cal.3d

4   813);

5       8.      For exemplary and punitive damages as against GAINSCO;

6       9.      For costs of suit herein incurred; and,

7       10.     For such other and further relief as this Court may deem proper.

8   DATED:  June 27, 2008                        HANSON BRIDGETT LLP

9

10

11                                  By: _Christine Hiler_____
                                        CHRISTINE HILER
12                                      Attorneys for Plaintiff BALJIT SINGH,
                                        individually and allegedly doing
13                                      business as GREYLINE CAB/YELLOW
                                        CAB

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

EXHIBIT A



1 | ELIZABETH F. MCDONALD, State Bar No. 177363
LAW OFFICES OF ELIZABETH F. MCDONALD
2 | 55 New Montgomery Street, Suite 724
San Francisco, California 94105
3 | Telephone:  (415) 512-7788
Facsimile:  (415) 512-7440
4 |
Attorneys for Plaintiffs,
5 | KULJEET SINGH and KAMALDEEP SINGH

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF CONTRA COSTA

10

11

12 | KULJEET SINGH and KAMALDEEP        No. C99-01230
SINGH,

13 |           Plaintiffs,        JUDGMENT BY COURT AFTER DEFAULT

14 |      vs.

15 | BALJIT SINGH, individually and
doing business as GREYLINE
16 | CAB/YELLOW CAB, et al.

17 |           Defendants.
_____/

18

19 |      This cause came on to be heard before the Honorable James R.

20 | Trembath presiding in Department 17, on November 30, 1999 at 9:00

21 | a.m., Elizabeth F. McDonald of the Law Offices of Elizabeth F.

22 | McDonald appearing as attorney for plaintiffs, and it appearing

23 | that defendant(s) having been regularly served with process, having

24 | failed to appear and answer the plaintiff's complaint filed herein,

25 | and the default of said defendant(s) having been duly entered and

26 | evidence having been introduced in open session of this Court:

27

28 | / / /

JUDGMENT BY COURT AFTER DEFAULT

1    The court having heard the testimony of plaintiffs and having
2    reviewed the documentary evidence presented by plaintiffs hereby
3    finds that: Defendant BALJIT SINGH, individually and doing business
4    as GREYLINE CAB\YELLOW CAB was negligent; that as a result of
5    defendant's negligence, plaintiff KULJEET SINGH suffered severe
6    life threatening injuries; that as a further result of defendant's
7    negligence plaintiff KULJEET SINGH has incurred economic damages
8    for medical treatment and services in the sum of $380,000, and
9    further, plaintiff KULJEET SINGH suffered wage loss in the sum of
10   $30,000.
11       IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff
12   KULJEET SINGH recover from defendant BALJIT SINGH, individually and
13   doing business as GREYLINE CAB\YELLOW CAB damages in the sum of One
14   Million Dollars [$1,000,000.00], together with plaintiff's costs
15   and disbursements, and interest on said judgment as provided by
16   law.
17       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff
18   KAMALDEEP SINGH recover from defendant BALJIT SINGH, individually
19   and doing business as GREYLINE CAB\YELLOW CAB damages in the sum of
20   Fifty Thousand [$50,000], together with plaintiff's costs and
21   disbursements, and interest on said judgment as provided by law.
22       The Clerk is ordered to enter the judgment.
23
24   Dated: 2-24-00                    JAMES R. TREMBATH
25                                     Hon. James R. Trembath
                                       Judge of the Superior Court
26
27
28

JUDGMENT BY COURT AFTER DEFAULT

# EXHIBIT "B"

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GAINSCO INC. and DOES 1-10

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
By **M. Hayes**
_____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BALJIT SINGH, individually and allegedly doing
business as GREYLINE CAB/YELLOW CAB

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
County of Alameda
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):* RG 08395501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander J. Berline - 158098        (415) 777-3200  (415) 541-9366
Christine Hiler - 245331
Hanson Bridgett LLP
425 Market Street, 26th Floor, San Francisco, CA 94105

DATE: June 27, 2008            Clerk, by **M. Hayes**        , Deputy
*(Fecha)* JUN 2 7 2008 **PAT S. SWEETEN**  *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT "C"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Alexander J. Berline - 158098/Christine Hiler - 245331<br>Hanson Bridgett LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>aberline@hansonbridgett.com<br>   TELEPHONE NO.: (415) 777-3200    FAX NO.: (415) 541-9366<br>ATTORNEY FOR *(Name)*: PLAINTIFF BAJIT SINGH, indiv. & dba GREYLINE/YELLOW CAB | FOR COURT USE ONLY<br><br>**ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>JUN 2 7 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ M. Hayes<br>                              Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
   STREET ADDRESS: **1225 Fallon Street**
   MAILING ADDRESS: **Same**
   CITY AND ZIP CODE: **Oakland, CA 94612**
   BRANCH NAME: **Rene C. Davidson Alameda County Courthouse**

| CASE NAME:    BALJIT SINGH, individually and allegedly doing business as<br>GREYLINE CAB/YELLOW CAB v. GAINSCO INC. and DOES 1 - 10 | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>[X] Unlimited      [ ] Limited<br>    (Amount            (Amount<br>    demanded          demanded is<br>    exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>    (Cal. Rules of Court, rule 3.402) |

| CASE NUMBER: 0 8 3 9 5 5 0 1 |
|---|
| JUDGE: |
| DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |     condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
           issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: Four - breach of contract; dec. relief to defend plaintiff; dec. relief to indemnify plaintiffs; tortious bad faith
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 27, 2008
   CHRISTINE HILER                                    ▶ _____
   (TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

| Short Title: BALJIT SINGH, individually and allegedly doing business as GREYLINE/YELLOW CAB v. GAINSCO, INC. AND DOES 1-10 | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [x] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case ?** [ ] yes [ ] no | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (G) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [x] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [x] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs    [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)** [ ] Yes [ ] No | |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc. Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

202-19 (5/1/00)                                                                                                    AL20219

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GAINSCO INC. and DOES 1-10

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT

By _____ M. Hayes _____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BALJIT SINGH, individually and allegedly doing
business as GREYLINE CAB/YELLOW CAB

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG 08395501 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander J. Berline - 158098    (415) 777-3200  (415) 541-9366
Christine Hiler - 245331
Hanson Bridgett LLP
425 Market Street, 26th Floor, San Francisco, CA 94105

| DATE: June 27, 2008 | Clerk, by | M. Hayes | , Deputy |
|---|---|---|---|
| *(Fecha)* JUN 2 7 2008 PAT S. SWEETEN | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Alexander J. Berline - 158098<br>Christine Hiler - 245331<br>Hanson Bridgett LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-777-3200    FAX NO. *(Optional)*: 415-541-9366<br>E-MAIL ADDRESS *(Optional)*: aberline@hansonbridgett.com<br>ATTORNEY FOR *(Name)*: BALJIT SINGH, individually and allegedly dba GREYLINE CAB/ | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda |
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: Same |
| CITY AND ZIP CODE: Oakland, CA 94612 |
| BRANCH NAME: Rene C. Davidson Alameda County Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: BALJIT SINGH, individually and allegedly doing business as GREYLINE CAB/YELLOW CAB |
| DEFENDANT/RESPONDENT: GAINSCO, INC. and DOES 1-10 |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>08395501 |

TO *(insert name of party being served)*: <u>GAINSCO, INC. and DOES 1-10</u>

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: July 2, 2008

Kerry T. Pfoor
_____           ▶ _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: ADR Information Package, Civil Case Cover Sheet

*(To be completed by recipient):*
Date this form is signed:

_____           ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

1  HANSON BRIDGETT LLP
   ALEXANDER J. BERLINE - 158098
2  aberline@hansonbridgett.com
   CHRISTINE HILER - 245331
3  chiler@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA  94105
   Telephone:  (415) 777-3200
5  Facsimile:  (415) 541-9366

6  Attorneys for Plaintiff BALJIT SINGH,
   individually and allegedly doing business as
7  GREYLINE CAB/YELLOW CAB

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
By _____
M. Hayes
Deputy

8

9  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10  ## COUNTY OF ALAMEDA

11

12  BALJIT SINGH, individually and
    allegedly doing business as
13  GREYLINE CAB/YELLOW CAB,

14          Plaintiff,

15      v.

16  GAINSCO INC. and DOES 1 - 10,

17          Defendant.

No. RG08395501

**COMPLAINT FOR DAMAGES**

18

19

20

21

22          ## INTRODUCTION

23      Taxi driver Kuljeet Singh was injured on April 23, 1998 while driving a taxi cab
24  (Yellow Cab #112, CA #5S18784), filed a complaint making certain allegations against
25  BALJIT SINGH ("BALJIT"), and obtained a substantial judgment.  This is an action by
26  BALJIT against the Auto & General Liability insurer, defendant GAINSCO, INC.
27  (hereinafter, "GAINSCO"), and DOES 1 through 10 (collectively referred to as
28  "Defendants"), to recover sums paid to satisfy that Kuljeet Singh judgment (a true and
    correct copy which is attached hereto as Exhibit A).

- 1 -

COMPLAINT FOR DAMAGES

1536916.2

**PARTIES**

1.    At all times herein mentioned, Bay Area Taxi Management, Inc. ("BATM") was a California corporation with its principal place of business in Oakland, California. BATM managed the operations of the Yellow Cab fleet, and BALJIT was an officer of BATM.

2.    At all times herein mentioned, BALJIT was an individual and a resident of Alameda, California.

3.    At all times herein mentioned, GAINSCO was a Texas insurer authorized to do business in the State of California.

4.    The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who, therefore, sues said Defendants under such fictitious names. Plaintiff is informed and believes, and thereon allege, that each of the Defendants designated herein as a "DOE" are responsible in some manner for the events and happenings herein referred to and caused some injuries and damages to Plaintiff as herein alleged.

**THE INSURANCE POLICY**

5.    On information and belief, in 1997, Plaintiff submitted an application for Auto & General Liability Insurance to GAINSCO. On information and belief, thereafter, in consideration of premium payments, GAINSCO by its duly authorized agents executed and delivered in Oakland, California, an Auto & General Liability policy of insurance bearing policy number GPP143242, which was effective October 26, 1997, to October 26, 1998 (hereinafter, the "GAINSCO POLICY").

**THE UNDERLYING KULJEET ACTION**

6.    On information and belief, on or about early 1998 Kuljeet Singh entered into an independent contractor agreement to perform taxi cab driver duties for GREYLINE CAB/YELLOW CAB.

7.    On information and belief, on or about April 23, 1998, Kuljeet Singh responded to a call at 935 Triangle Court, Richmond, California. Kuljeet Singh alleged

- 2 -

1  that the safety shield, between the passenger and driver compartments, was defective.

2  Kuljeet Singh further alleged that GREYLINE/YELLOW cab violated its own safety

3  guidelines in dispatching the call.  Due to this alleged negligence, Kuljeet Singh alleged

4  that he was severely injured in a gun shotting incident (hereinafter, the "INCIDENT").

5      8.    Kuljeet Singh and his wife filed a suit for negligence, assault, and loss of

6  consortium against Plaintiff (hereinafter, the "KULJEET ACTION").

7      9.    Plaintiff was not served with the KULJEET ACTION complaint, and the

8  matter went into default.

9      10.    On information and belief, Plaintiff timely tendered the KULJEET ACTION

10  complaint to GAINSCO, and/or its agents.

11      11.    Prior counsel for Plaintiff tried to set aside that default, but the request was

12  denied and a substantial default judgment was entered (1) in favor of Kuljeet Singh in

13  the sum of one million dollars ($1,000,000), together with costs and disbursements, and

14  interest on said judgment; and (2) in favor of Kuljeet Singh's wife in the sum of fifty

15  thousand ($50,000), together with costs and disbursements, and interest on said

16  judgment.

17      12.    The matter was dormant for several years, until counsel for Kuljeet Singh

18  and his wife started enforcement proceedings on the judgment, which the parties

19  eventually settled for $925,000 (which has now been paid).

20      13.    On May 1, 2008, counsel for Plaintiff sent a letter to GAINSCO seeking

21  reimbursement of these sums and of all defense expenses fees and costs.  GAINSCO

22  disputes responsibility and refuses to reimburse Plaintiff.

23                    **JURISDICTION AND VENUE**

24      14.    Jurisdiction is proper in this Superior Court in and for the City and County

25  of Alameda pursuant to California Code of Civil Procedure section 410.10 because this

26  Court has general subject matter jurisdiction and no statutory exceptions to jurisdiction

27  exist.

28      15.    Venue is proper in the City and County of Alameda pursuant to California

- 3 -

COMPLAINT FOR DAMAGES                                    1536916.2

1   Code of Civil Procedure section 395.5, *inter alia*, because the contracts of insurance

2   were delivered and performed in Alameda.

3                           **FIRST CAUSE OF ACTION**

4       **(Breach of Insurance Contract, By Plaintiff Against GAINSCO, and DOES 1-10.)**

5       16.    Plaintiff incorporates by reference, as though fully set forth herein, the

6   above paragraphs 1 through 15.

7       17.    On information and belief, Plaintiff fully and timely complied with all

8   provisions of the GAINSCO POLICY including, but not limited to, timely payment of the

9   premium and timely tender of the underlying claim and the KULJEET ACTION to

10  GAINSCO.   In the alternative, Plaintiff alleges that he was excused from full compliance

11  because the insurance at issue was mandatory and required by State and/or Local law.

12      18.    GAINSCO was and is contractually obligated to defend and indemnify

13  Plaintiff from suits for bodily injury.

14      19.    Plaintiff was sued in the KULJEET ACTION for bodily injury stemming from

15  the INCIDENT.  Plaintiff demanded that he be defended and indemnified under the

16  GAINSCO POLICY.  GAINSCO has refused and continues to refuse to defend or

17  indemnify Plaintiff, and therefore is in breach of contractual obligations GAINSCO

18  undertook in the GAINSCO POLICY.

19      20.    Plaintiff performed all other duties as required under the GAINSCO

20  POLICY, except those duties which have been excused by GAINSCO'S breach or non-

21  performance.

22      21.    The acts of GAINSCO alleged above were done unreasonably and in

23  breach of the GAINSCO POLICY and the contractual covenant of good faith and fair

24  dealing.

25      22.    As a proximate result of GAINSCO'S contractual breaches, Plaintiff has

26  been compelled to engage counsel and to incur attorneys' fees and other costs and

27  expenses in the defense of the KULJEET ACTION and in prosecution of this Complaint.

28

- 4 -

1    As a further proximate result of GAINSCO's wrongful denial, Plaintiff has been

2    compelled to incur related expenses all according to proof, including but not limited to

3    paying the $925,000 settlement.

**SECOND CAUSE OF ACTION**

4

**(Declaratory Relief, That GAINSCO is Obligated to Defend Plaintiff from the**
**KULJEET ACTION, By Plaintiff Against GAINSCO, and DOES 1-10.)**

5

6

7        23.    Plaintiff incorporates by reference, as though fully set forth herein, the

8    above paragraphs 1 through 22.

9        24.    An actual controversy has arisen and now exists between Plaintiff and

10    GAINSCO concerning their respective rights and duties in that GAINSCO contends that

11    it has no obligation to defend Plaintiff from the KULJEET ACTION despite, on

12    information and belief, Plaintiff's proper tender.  Plaintiff contends that GAINSCO is

13    obligated to defend Plaintiff.

14        25.    A judicial declaration is necessary and appropriate at this time under the

15    circumstances in order that Plaintiff may ascertain their rights and duties under the

16    GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO

17    must defend Plaintiff from the KULJEET ACTION.

**THIRD CAUSE OF ACTION**

18

19

**(Declaratory Relief, That GAINSCO is Obligated to Indemnify Plaintiff from the**
**SINGH LAWSUIT, By Plaintiff Against GAINSCO, and DOES 1-10.)**

20

21        26.    Plaintiff incorporates by reference, as though fully set forth herein, the

22    above paragraphs 1 through 25.

23        27.    An actual controversy has arisen and now exists between Plaintiff and

24    GAINSCO concerning their respective rights and duties in that GAINSCO contends that

25    it has no obligation to indemnify Plaintiff from the KULJEET ACTION.  Plaintiff contends

26    that GAINSCO is obligated to indemnify Plaintiff.

27        28.    A judicial declaration is necessary and appropriate at this time under the

28    circumstances in order that Plaintiff may ascertain his rights and duties under the

- 5 -

GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO must indemnify Plaintiff from the KULJEET ACTION.

## FOURTH CAUSE OF ACTION

**(Tortious Bad Faith Denial of Duty to Defend and/or Indemnify, By Plaintiff Against GAINSCO, and DOES 1-10.)**

29.    Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 28.

30.    GAINSCO'S acts alleged above were done unreasonably and in tortuous breach of the covenant of good faith and fair dealing.

31.    As a proximate result of GAINSCO'S refusal to cover the INCIDENT, Plaintiff was compelled to incur attorneys' fees and other costs and expenses in the defense of the KULJEET ACTION and the litigation of this Complaint.  As a further proximate result of GAINSCO'S wrongful denial Plaintiff has been forced to incur related expenses all according to proof, including but not limited to paying the $925,000 settlement.

32.    The acts of GAINSCO alleged above were done intentionally, maliciously, oppressively, and with the intent of defrauding Plaintiff, who may therefore recover exemplary or punitive damages.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1.    For damages according to proof for breach of contract;

2.    For general and compensatory damages from GAINSCO according to proof;

3.    For defense attorneys' fees and costs;

4.    For prejudgment interest in an amount to be proven at the time of trial;

5.    For a declaration that GAINSCO must defend Plaintiff from the KULJEET ACTION;

6.    For a declaration that GAINSCO must indemnify Plaintiff from the

- 6 -

1    KULJEET ACTION;

2         7.    For attorneys' fees and costs incurred in obtaining GAINSCO POLICY

3    benefits, as provided by law (i.e., *Brandt v. Sup. Ct. (Standard Ins. Co.)* (1985) 37 Cal.3d

4    813);

5         8.    For exemplary and punitive damages as against GAINSCO;

6         9.    For costs of suit herein incurred; and,

7         10.   For such other and further relief as this Court may deem proper.

8

9    DATED:  June 27, 2008                    HANSON BRIDGETT LLP

10

11                                     By: _*Chti Hil*_____

12                                        CHRISTINE HILER
                                          Attorneys for Plaintiff BALJIT SINGH,
                                          individually and allegedly doing
13                                        business as GREYLINE CAB/YELLOW
                                          CAB

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES                                              1536916.2

EXHIBIT A

1 | ELIZABETH F. MCDONALD, State Bar No. 177363
LAW OFFICES OF ELIZABETH F. MCDONALD
2 | 55 New Montgomery Street, Suite 724
San Francisco, California 94105
3 | Telephone:  (415) 512-7788
Facsimile:  (415) 512-7440
4 |
Attorneys for Plaintiffs,
5 | KULJEET SINGH and KAMALDEEP SINGH

6

7

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                     COUNTY OF CONTRA COSTA

10

11

12 | KULJEET SINGH and KAMALDEEP          No. C99-01230
SINGH,

13 |              Plaintiffs,        JUDGMENT BY COURT AFTER DEFAULT

14 |     vs.

15 | BALJIT SINGH, individually and
doing business as GREYLINE
16 | CAB/YELLOW CAB, et al.

17 |              Defendants.
                                    /
18

19 |     This cause came on to be heard before the Honorable James R.

20 | Trembath presiding in Department 17, on November 30, 1999 at 9:00

21 | a.m., Elizabeth F. McDonald of the Law Offices of Elizabeth F.

22 | McDonald appearing as attorney for plaintiffs, and it appearing

23 | that defendant(s) having been regularly served with process, having

24 | failed to appear and answer the plaintiff's complaint filed herein,

25 | and the default of said defendant(s) having been duly entered and

26 | evidence having been introduced in open session of this Court:

27

28 | / / /

JUDGMENT BY COURT AFTER DEFAULT

1    The court having heard the testimony of plaintiffs and having

2  reviewed the documentary evidence presented by plaintiffs hereby

3  finds that: Defendant BALJIT SINGH, individually and doing business

4  as GREYLINE CAB\YELLOW CAB was negligent; that as a result of

5  defendant's negligence, plaintiff KULJEET SINGH suffered severe

6  life threatening injuries; that as a further result of defendant's

7  negligence plaintiff KULJEET SINGH has incurred economic damages

8  for medical treatment and services in the sum of $380,000, and

9  further, plaintiff KULJEET SINGH suffered wage loss in the sum of

10  $30,000.

11    IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff

12  KULJEET SINGH recover from defendant BALJIT SINGH, individually and

13  doing business as GREYLINE CAB\YELLOW CAB damages in the sum of One

14  Million Dollars [$1,000,000.00], together with plaintiff's costs

15  and disbursements, and interest on said judgment as provided by

16  law.

17    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff

18  KAMALDEEP SINGH recover from defendant BALJIT SINGH, individually

19  and doing business as GREYLINE CAB\YELLOW CAB damages in the sum of

20  Fifty Thousand [$50,000], together with plaintiff's costs and

21  disbursements, and interest on said judgment as provided by law.

22    The Clerk is ordered to enter the judgment.

23

24  Dated: 2-24-00                    JAMES R. TREMBATH

25                                    Hon. James R. Trembath
                                      Judge of the Superior Court

26

27

28

JUDGMENT BY COURT AFTER DEFAULT

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

## Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, **the plaintiff is required to serve a copy of this ADR information package on each defendant.**

<u>California Rules of Court, Rule 3.221 (*excerpt*)</u>

**(a)    Court to provide information packet**

Each court must make available to the plaintiff, at the time the complaint is filed in all general civil cases, an alternative dispute resolution (ADR) information package that includes, at a minimum, all of the following:

(1)    General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes....

(2)    Information about the ADR programs available in that court....

(3)    In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA....

(4)    An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

**(b)    Court may make package available on Web site....**

**(c)    Plaintiff to serve information package**

In all general civil cases, the plaintiff must serve a copy of the ADR information package on each defendant together with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action together with the cross-complaint.

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties do not have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, much quicker, and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California:

(1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.

(2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.alameda.courts.ca.gov/adr/index.html

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/consumer/mediation_programs.shtml

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 1-800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://members.calbar.ca.gov/search/ba_results.aspx?txtan=&txtln=&County=&District=&ClassTypes=C

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators".**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://www.smogcheck.ca.gov/StdPage.asp?Body=/Geninfo/Otherinfo/Mediation.htm#What%20is%20a%20Media tor or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**

Phone: (510) 548-2377; Fax: (510) 548-4051

http://www.ebcm.org/

EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**

Phone: (510) 768-3100; Fax: (510) 451-6998

http://www.cceb.org/

Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also, provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**291 McLeod Street, Livermore, CA 94550**

Phone: (925) 373-1035; Fax: (925) 449-0945

http://www.trivalleymediation.com/

Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

---

### ADR Program Administrator

Pursuant to California Rules of Court, rule 10.783, the presiding judge of the Superior Court of California, County of Alameda designated the Court Executive Officer to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate, or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted during regular court business hours at (510) 690-2705.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 3.815(c)(2)).

⇒  Parties mailed list of five names from which to select (list mailed within 5-10 business days after receipt of referral).

⇒  Each party may reject one of the names listed (10 calendar days per CRC 3.815(b)(3)).

⇒  The administrator randomly appoints the arbitrators from the names remaining on the list or if one name remains then that name is deemed appointed (CRC 3.815(4)).

#### Assignment of Case (CRC 3.817)

⇒  Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (CRC 3.817)

⇒  Must be scheduled to be completed not more than 90 days from the date the arbitrator was assigned. For good cause shown, a Judge may continue the case beyond this 90-day period.

#### Award of Arbitrator

⇒  The arbitrator must file an award within 10 days of the conclusion of the arbitration hearing. The arbitrator may apply to the court for an additional 20 days in cases of unusual length or complexity (CRC 3.825(b)).

⇒  Within 30 days of the filing of the award, a party may file a request for trial (CRC 3.826(a)).

⇒  The clerk must immediately enter the arbitration award as a judgment if no party has served and filed a request for trial during the 30-day period after the award is filed (CRC 3.827).

#### Return of Case to Court

⇒  Upon the filing of a request for trial, the action must proceed as provided under an applicable case management order or, if there is no pending order, promptly set for a case management conference. (CRC 3.826(b)).

⇒  When a judgment is entered, the clerk will notify all parties who have appeared in the case including the judge to whom the case is assigned if there is one (CRC 3.827(b)).

⇒  If a case is settled then each plaintiff or other party must notify the arbitrator and the court as required under California Rules of Court, rule 3.1385 (CRC 3.829).

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| ☐ Berkeley Courthouse<br>2000 Center Street, 2ⁿᵈ Fl., Berkeley, CA 94704 | ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 |
|---|---|---|
| ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 | ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 |
| | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 | |

Case No.:

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered and good cause appearing, now therefore, IT

IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated:

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev. March 2008

1          PROOF OF SERVICE

2   STATE OF CALIFORNIA )
                         ) ss.
3   COUNTY OF LOS ANGELES )

4       I am employed in the County of Los Angeles, State of
    California.  I am over the age of 18 and not a party to the
5   within action.  My business address is 11900 West Olympic Blvd.,
    Ste. 600, Los Angeles, California 90064.

6

7       On August 12, 2008, I served the foregoing document
    described as **"NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL"**
    on the interested parties in this action by placing a [X] true
8   copy thereof [] the original document enclosed in a sealed
    envelope addressed as follows:

9
            [SEE ATTACHED SERVICE LIST]
10

11   __X__ (BY MAIL)  In accordance with the regular mail collection
         and processing practices of this business office, with which
12       I am familiar, by means of which mail is deposited with the
         United States Postal Service at Los Angeles, California that
13       same day in the ordinary course of business, I deposited
         such sealed envelope for collection and mailing on this same
14       date following ordinary business practices.

15   ____ (BY PERSONAL SERVICE)
              ____  By personally delivering copies to the person
16                  served.
              ____  I delivered such envelope by hand to the office of
17                  the addressee pursuant to C.C.P. Section 1011.
              ____  I caused such envelope to be delivered by hand to
18                  the office of the addressee, either by overnight
                    delivery via Overnite Express.
19            ____  I caused such envelope to be delivered to the
                    office of the addressee, by telecopier or
20                  facsimile machine.  Proof of such delivery is
                    attached hereto.

21   STATE
      _X__   I declare under penalty of perjury under the laws of
22           the State of California that the above is true and
             correct.
23

24       Executed on August 12, 2008, at Los Angeles, California.

25   __ANI MAKHANIAN__                   _____
     Name                                Signature
26

27

28

                              5

1              Service List

2     _____

3            *SINGH v. GAINSCO, INC.*

4     Alameda County Superior Court Case No.   RG08395501

5        United States District Court Case No. TBA

6     _____

7  Alexander J. Berline, Esq.
   Christine Hiler, Esq.
8  HANSON BRIDGETT, LLP
   425 Market Street, 26th Floor
9  San Francisco, CA 94105
   Telephone (415) 777-3200
10 Facsimile (415) 541-9366
   Attorneys for Plaintiff
11 BALJIT SINGH, individually and
   allegedly doing business as GREYLINE CAB/YELLOW CAB
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

PROOF OF SERVICE

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 11900 West Olympic Blvd., Ste. 600, Los Angeles, California 90064.

     On August 12, 2008, I served the foregoing document described as **"NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT"** on the interested parties in this action by placing a [X] true copy thereof [] the original document enclosed in a sealed envelope addressed as follows:

[SEE ATTACHED SERVICE LIST]

  X   (BY MAIL) In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices.

_____ (BY PERSONAL SERVICE)
         ____ By personally delivering copies to the person served.
         ____ I delivered such envelope by hand to the office of the addressee pursuant to C.C.P. Section 1011.
         ____ I caused such envelope to be delivered by hand to the office of the addressee, either by overnight delivery via Overnite Express.
         ____ I caused such envelope to be delivered to the office of the addressee, by telecopier or facsimile machine. Proof of such delivery is attached hereto.

STATE
  X   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on August 12, 2008, at Los Angeles, California.


___ANI MAKHANIAN___        _____
Name                         Signature

3

1

Service List

2

_____

3

*SINGH v. GAINSCO, INC.*

4

Alameda County Superior Court Case No.  RG08395501

5

United States District Court Case No. TBA

6

_____

7

Alexander J. Berline, Esq.
Christine Hiler, Esq.

8

HANSON BRIDGETT, LLP
425 Market Street, 26th Floor

9

San Francisco, CA 94105
Telephone (415) 777-3200

10

Facsimile (415) 541-9366
Attorneys for Plaintiff

11

BALJIT SINGH, individually and
allegedly doing business as GREYLINE CAB/YELLOW CAB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

EXHIBIT "B"

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 3 2008

CLERK OF THE SUPERIOR COURT
By _____CHERYL CLARK_____
                    Deputy

@COPY

1  Spencer A. Schneider (SBN 175071)
2  Karen E. Adelman (SBN 216927)
   John J. Moura (SBN 082457)
   BERMAN, BERMAN & BERMAN, LLP
3  11900 W. Olympic Blvd., Suite 600
   Los Angeles, California 90064
4  Telephone (310) 447-9000
   Facsimile (310) 447-9011

5

6  Attorneys for Defendant
   GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC.
   (Erroneously sued and served as GAINSCO, INC.)
7

8          SUPERIOR COURT OF CALIFORNIA

9          FOR THE COUNTY OF ALAMEDA

10

11 BLAJIT SINGH, individually and)    CASE NO. RG08395501
   allegedly doing business as  )
12 GREYLINE CAB/YELLOW CAB,      )    [28 U.S.C. §1446(d)]
                                 )
13         Plaintiff,            )    **NOTICE OF FILING REMOVAL OF**
                                 )    **ACTION WITH FEDERAL COURT**
14 v.                            )
                                 )
15 GAINSCO, INC. and DOES 1 -10, )
                                 )
16         Defendant.            )
                                 )
17 _____)

18      TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

19 CALIFORNIA FOR THE COUNTY OF ALAMEDA:

20      PLEASE TAKE NOTICE that on August 13, 2008, defendant

21 General Agents Insurance Company of America, Inc., erroneously

22 sued and served as GAINSCO, INC. (hereinafter "Gainsco"), filed

23 in the United States District Court for the Northern District of

24 California its Notice of Removal of Action to said United States

25 District Court.  A true and correct copy of this notice is

26 attached hereto as Exhibit "A."

27 ///

28 ///

                                1

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C.

2  §1446(d), the filing of the Notice of Removal of Action with the

3  United States District Court, together with the filing of a copy

4  of said notice with this Court, effects the removal of this

5  action, and the above-captioned Court may proceed no further

6  unless and until the case is remanded.

7

8  Dated: August 12, 2008              BERMAN, BERMAN & BERMAN, LLP

9

                                      By: _____
10                                        Spencer A. Schneider
                                          Karen E. Adelman
11                                         John J. Moura
                                        Attorneys for Defendant
12                                   GENERAL AGENTS INSURANCE COMPANY
                                           OF AMERICA, INC.
13                                   (Erroneously sued and served as
                                           GAINSCO, INC.)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1  Spencer A. Schneider (SBN 175071)
   Karen E. Adelman (SBN 216927)
2  John J. Moura (SBN 082457)
   BERMAN, BERMAN & BERMAN, LLP
3  11900 W. Olympic Blvd., Suite 600
   Los Angeles, California 90064
4  Telephone (310) 447-9000
   Facsimile (310) 447-9011
5
   Attorneys for Defendant
6  GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC.
   (Erroneously sued and served as GAINSCO, INC.)
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  BLAJIT SINGH, individually and)   CASE NO.
    allegedly doing business as   )
12  GREYLINE CAB/YELLOW CAB,       )   [28 U.S.C. §1441(a)]
                                   )
13           Plaintiff,            )   **NOTICE OF REMOVAL OF ACTION;**
                                   )   **DEMAND FOR JURY TRIAL**
14  v.                             )
                                   )
15  GAINSCO, INC. and DOES 1 -10, )
                                   )
16           Defendant.            )
17  _____)

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that defendant General Agents Insurance

20  Company of America, Inc., erroneously sued and served as GAINSCO,

21  INC. (hereinafter "Gainsco"), hereby removes to this Court, based

22  upon diversity jurisdiction, the state court action described

23  below.

24      1.   On June 27, 2008, plaintiff Baljit Singh, individually

25  and allegedly doing business as Greyline Cab/Yellow Cab

26  (hereinafter "Singh"), commenced an action in the Superior Court

27  of the State of California for the County of Alameda, entitled

28  ///

                            1

1  *Singh, et al. v. GAINSCO, Inc.*, Case No. RG08395501.  A true and

2  correct copy of said complaint is attached hereto as Exhibit "A."

3      2.   The first date upon which Gainsco received a copy of

4  the above-mentioned complaint was July 14, 2008, when plaintiff

5  served the summons and complaint upon Gainsco.  A true and

6  correct copy of the summons is attached hereto as Exhibit "B."

7  No other pleadings were served upon or received by Gainsco prior

8  to August 12, 2008.

9      3.   No further proceedings have been conducted in this

10 matter in the Superior Court of the State of California for the

11 County of Alameda.

12     4.   This action is a civil action over which this Court has

13 original jurisdiction pursuant to 28 U.S.C. §1332 in that it is a

14 civil action between citizens of different states and the matter

15 in controversy exceeds the sum or value of $75,000.00, exclusive

16 of interests and costs.  Therefore, pursuant to the provisions of

17 28 U.S.C. §1441(a), Gainsco may remove this action to this Court.

18     5.   Gainsco is informed and believes that plaintiff was, at

19 the time of the filing of this action, and still is a citizen of

20 the State of California.  Gainsco was, at the time of the filing

21 of this action, and still is a corporation incorporated under the

22 laws of the State of Oklahoma and has its principal place of

23 business in the State of Texas.

24     6.   The only defendants other than Gainsco are DOE

25 defendants.  These defendants are wholly fictitious and sham

26 parties against whom no relief is, or could be, sought in this

27 action.  Pursuant to 28 U.S.C. §1441(a), this Court should

28 disregard the citizenship of any defendant sued under this

2

1  fictitious name.  Accordingly, it is not necessary that any other

2  parties join in this notice of removal of action.

3       7.   This is an insurance bad faith action in which

4  plaintiff's complaint prays for special and general damages in an

5  amount no less than $925,000, representing the sum plaintiff

6  allegedly paid in settlement to satisfy a default judgment

7  entered in an underlying action entitled *Kuljeet Singh, et al. v.*

8  *Baljit Singh, etc.*, Contra Costa County Superior Case No. C99-

9  01230. In addition, plaintiff prays for punitive damages and

10 attorneys' fees pursuant to *Brandt v. Superior Court* (1985) 37

11 Cal.3d 813.  Thus, the amount in controversy, exclusive of

12 interest and costs, exceeds the sum of $75,000.00.

13      8.   This notice is filed with this Court within 30 days

14 after service upon Gainsco of summons and complaint in the

15 above-entitled action.  Therefore, this removal is timely as

16 required by 28 U.S.C. §1446(b).

17      9.   Pursuant to 28 U.S.C. §1446(a), true and correct copies

18 of all process, pleadings, and orders served by or upon Gainsco

19 in the state court action are attached collectively hereto as

20 Exhibit "C."

21

22 Dated: August 12, 2008            BERMAN, BERMAN & BERMAN, LLP

23                                   By: _____

24                                      Spencer A. Schneider
                                         Karen E. Adelman
25                                         John J. Moura
                                       Attorneys for Defendant
26                                 GENERAL AGENTS INSURANCE COMPANY
                                           OF AMERICA, INC.
27                                  (Erroneously sued and served as
                                          GAINSCO, INC.)

28

NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

1

<u>DEMAND FOR JURY TRIAL</u>

2       PLEASE TAKE NOTICE that defendant General Agents Insurance

3 Company of America, Inc., erroneously sued and served as GAINSCO,

4 INC., hereby demands trial by jury of the above-entitled action.

5

6 Dated: August 12, 2008            BERMAN, BERMAN & BERMAN, LLP

7

8                                 By: _____
                                       Spencer A. Schneider
9                                       Karen E. Adelman
                                          John J. Moura
10                                    Attorneys for Defendant
                                  GENERAL AGENTS INSURANCE COMPANY
11                                      OF AMERICA, INC.
                                  (Erroneously sued and served as
12                                       GAINSCO, INC.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\DATA\8020.524\Plead\Removal.wpd                    4

EXHIBIT "A"

1    HANSON BRIDGETT LLP
     ALEXANDER J. BERLINE - 158098
2    aberline@hansonbridgett.com
     CHRISTINE HILER - 245331
3    chiler@hansonbridgett.com
     425 Market Street, 26th Floor
4    San Francisco, CA  94105
     Telephone:  (415) 777-3200
5    Facsimile:  (415) 541-9366

6    Attorneys for Plaintiff BALJIT SINGH,
     individually and allegedly doing business as
7    GREYLINE CAB/YELLOW CAB

**ENDORSED
FILED
ALAMEDA COUNTY**

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
By M. Hayes
                  Deputy

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF ALAMEDA**

11

12    BALJIT SINGH, individually and
     allegedly doing business as
13    GREYLINE CAB/YELLOW CAB,

No. RG08395501

**COMPLAINT FOR DAMAGES**

14             Plaintiff,

15        v.

16    GAINSCO INC. and DOES 1 - 10,

17             Defendant.

18

19

20

21                    **INTRODUCTION**

22       Taxi driver Kuljeet Singh was injured on April 23, 1998 while driving a taxi cab

23 (Yellow Cab #112, CA #5S18784), filed a complaint making certain allegations against

24 BALJIT SINGH ("BALJIT"), and obtained a substantial judgment.  This is an action by

25 BALJIT against the Auto & General Liability insurer, defendant GAINSCO, INC.

26 (hereinafter, "GAINSCO"), and DOES 1 through 10 (collectively referred to as

27 "Defendants"), to recover sums paid to satisfy that Kuljeet Singh judgment (a true and

28 correct copy which is attached hereto as Exhibit A).

- 1 -

COMPLAINT FOR DAMAGES

1536916.2

**PARTIES**

1.      At all times herein mentioned, Bay Area Taxi Management, Inc. ("BATM") was a California corporation with its principal place of business in Oakland, California. BATM managed the operations of the Yellow Cab fleet, and BALJIT was an officer of BATM.

2.      At all times herein mentioned, BALJIT was an individual and a resident of Alameda, California.

3.      At all times herein mentioned, GAINSCO was a Texas insurer authorized to do business in the State of California.

4.      The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who, therefore, sues said Defendants under such fictitious names. Plaintiff is informed and believes, and thereon allege, that each of the Defendants designated herein as a "DOE" are responsible in some manner for the events and happenings herein referred to and caused some injuries and damages to Plaintiff as herein alleged.

**THE INSURANCE POLICY**

5.      On information and belief, in 1997, Plaintiff submitted an application for Auto & General Liability Insurance to GAINSCO. On information and belief, thereafter, in consideration of premium payments, GAINSCO by its duly authorized agents executed and delivered in Oakland, California, an Auto & General Liability policy of insurance bearing policy number GPP143242, which was effective October 26, 1997, to October 26, 1998 (hereinafter, the "GAINSCO POLICY").

**THE UNDERLYING KULJEET ACTION**

6.      On information and belief, on or about early 1998 Kuljeet Singh entered into an independent contractor agreement to perform taxi cab driver duties for GREYLINE CAB/YELLOW CAB.

7.      On information and belief, on or about April 23, 1998, Kuljeet Singh responded to a call at 935 Triangle Court, Richmond, California. Kuljeet Singh alleged

- 2 -

1  that the safety shield, between the passenger and driver compartments, was defective.

2  Kuljeet Singh further alleged that GREYLINE/YELLOW cab violated its own safety

3  guidelines in dispatching the call.  Due to this alleged negligence, Kuljeet Singh alleged

4  that he was severely injured in a gun shotting incident (hereinafter, the "INCIDENT").

5      8.    Kuljeet Singh and his wife filed a suit for negligence, assault, and loss of

6  consortium against Plaintiff (hereinafter, the "KULJEET ACTION").

7      9.    Plaintiff was not served with the KULJEET ACTION complaint, and the

8  matter went into default.

9      10.    On information and belief, Plaintiff timely tendered the KULJEET ACTION

10  complaint to GAINSCO, and/or its agents.

11      11.    Prior counsel for Plaintiff tried to set aside that default, but the request was

12  denied and a substantial default judgment was entered (1) in favor of Kuljeet Singh in

13  the sum of one million dollars ($1,000,000), together with costs and disbursements, and

14  interest on said judgment; and (2) in favor of Kuljeet Singh's wife in the sum of fifty

15  thousand ($50,000), together with costs and disbursements, and interest on said

16  judgment.

17      12.    The matter was dormant for several years, until counsel for Kuljeet Singh

18  and his wife started enforcement proceedings on the judgment, which the parties

19  eventually settled for $925,000 (which has now been paid).

20      13.    On May 1, 2008, counsel for Plaintiff sent a letter to GAINSCO seeking

21  reimbursement of these sums and of all defense expenses fees and costs.  GAINSCO

22  disputes responsibility and refuses to reimburse Plaintiff.

23                     **JURISDICTION AND VENUE**

24      14.    Jurisdiction is proper in this Superior Court in and for the City and County

25  of Alameda pursuant to California Code of Civil Procedure section 410.10 because this

26  Court has general subject matter jurisdiction and no statutory exceptions to jurisdiction

27  exist.

28      15.    Venue is proper in the City and County of Alameda pursuant to California

- 3 -

1536916.2

1    Code of Civil Procedure section 395.5, *inter alia*, because the contracts of insurance

2    were delivered and performed in Alameda.

### FIRST CAUSE OF ACTION

**(Breach of Insurance Contract, By Plaintiff Against GAINSCO, and DOES 1-10.)**

5    16.    Plaintiff incorporates by reference, as though fully set forth herein, the

6    above paragraphs 1 through 15.

7    17.    On information and belief, Plaintiff fully and timely complied with all

8    provisions of the GAINSCO POLICY including, but not limited to, timely payment of the

9    premium and timely tender of the underlying claim and the KULJEET ACTION to

10   GAINSCO.    In the alternative, Plaintiff alleges that he was excused from full compliance

11   because the insurance at issue was mandatory and required by State and/or Local law.

12   18.    GAINSCO was and is contractually obligated to defend and indemnify

13   Plaintiff from suits for bodily injury.

14   19.    Plaintiff was sued in the KULJEET ACTION for bodily injury stemming from

15   the INCIDENT.  Plaintiff demanded that he be defended and indemnified under the

16   GAINSCO POLICY.  GAINSCO has refused and continues to refuse to defend or

17   indemnify Plaintiff, and therefore is in breach of contractual obligations GAINSCO

18   undertook in the GAINSCO POLICY.

19   20.    Plaintiff performed all other duties as required under the GAINSCO

20   POLICY, except those duties which have been excused by GAINSCO'S breach or non-

21   performance.

22   21.    The acts of GAINSCO alleged above were done unreasonably and in

23   breach of the GAINSCO POLICY and the contractual covenant of good faith and fair

24   dealing.

25   22.    As a proximate result of GAINSCO'S contractual breaches, Plaintiff has

26   been compelled to engage counsel and to incur attorneys' fees and other costs and

27   expenses in the defense of the KULJEET ACTION and in prosecution of this Complaint.

28

- 4 -

COMPLAINT FOR DAMAGES                                                    1536916.2

1    As a further proximate result of GAINSCO's wrongful denial, Plaintiff has been

2    compelled to incur related expenses all according to proof, including but not limited to

3    paying the $925,000 settlement.

### SECOND CAUSE OF ACTION

**(Declaratory Relief, That GAINSCO is Obligated to Defend Plaintiff from the KULJEET ACTION, By Plaintiff Against GAINSCO, and DOES 1-10.)**

7    23.    Plaintiff incorporates by reference, as though fully set forth herein, the

8    above paragraphs 1 through 22.

9    24.    An actual controversy has arisen and now exists between Plaintiff and

10    GAINSCO concerning their respective rights and duties in that GAINSCO contends that

11    it has no obligation to defend Plaintiff from the KULJEET ACTION despite, on

12    information and belief, Plaintiff's proper tender.  Plaintiff contends that GAINSCO is

13    obligated to defend Plaintiff.

14    25.    A judicial declaration is necessary and appropriate at this time under the

15    circumstances in order that Plaintiff may ascertain their rights and duties under the

16    GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO

17    must defend Plaintiff from the KULJEET ACTION.

### THIRD CAUSE OF ACTION

**(Declaratory Relief, That GAINSCO is Obligated to Indemnify Plaintiff from the SINGH LAWSUIT, By Plaintiff Against GAINSCO, and DOES 1-10.)**

20    26.    Plaintiff incorporates by reference, as though fully set forth herein, the

21    above paragraphs 1 through 25.

22    27.    An actual controversy has arisen and now exists between Plaintiff and

23    GAINSCO concerning their respective rights and duties in that GAINSCO contends that

24    it has no obligation to indemnify Plaintiff from the KULJEET ACTION.  Plaintiff contends

25    that GAINSCO is obligated to indemnify Plaintiff.

26    28.    A judicial declaration is necessary and appropriate at this time under the

27    circumstances in order that Plaintiff may ascertain his rights and duties under the

28

- 5 -

1536916.2

GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO must indemnify Plaintiff from the KULJEET ACTION.

## FOURTH CAUSE OF ACTION

**(Tortious Bad Faith Denial of Duty to Defend and/or Indemnify, By Plaintiff Against GAINSCO, and DOES 1-10.)**

29.    Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 28.

30.    GAINSCO'S acts alleged above were done unreasonably and in tortuous breach of the covenant of good faith and fair dealing.

31.    As a proximate result of GAINSCO'S refusal to cover the INCIDENT, Plaintiff was compelled to incur attorneys' fees and other costs and expenses in the defense of the KULJEET ACTION and the litigation of this Complaint.  As a further proximate result of GAINSCO'S wrongful denial Plaintiff has been forced to incur related expenses all according to proof, including but not limited to paying the $925,000 settlement.

32.    The acts of GAINSCO alleged above were done intentionally, maliciously, oppressively, and with the intent of defrauding Plaintiff, who may therefore recover exemplary or punitive damages.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1.    For damages according to proof for breach of contract;

2.    For general and compensatory damages from GAINSCO according to proof;

3.    For defense attorneys' fees and costs;

4.    For prejudgment interest in an amount to be proven at the time of trial;

5.    For a declaration that GAINSCO must defend Plaintiff from the KULJEET ACTION;

6.    For a declaration that GAINSCO must indemnify Plaintiff from the

- 6 -

1    KULJEET ACTION;

2        7.    For attorneys' fees and costs incurred in obtaining GAINSCO POLICY

3    benefits, as provided by law (i.e., *Brandt v. Sup. Ct. (Standard Ins. Co.)* (1985) 37 Cal.3d

4    813);

5        8.    For exemplary and punitive damages as against GAINSCO;

6        9.    For costs of suit herein incurred; and,

7        10.   For such other and further relief as this Court may deem proper.

8

9    DATED:  June 27, 2008                    HANSON BRIDGETT LLP

10

11                                   By: _Chti Hil_____
                                          CHRISTINE HILER
12                                        Attorneys for Plaintiff BALJIT SINGH,
                                          individually and allegedly doing
13                                        business as GREYLINE CAB/YELLOW
                                          CAB

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES                                          1536916.2

# EXHIBIT A

1  ELIZABETH F. MCDONALD, State Bar No. 177363
   LAW OFFICES OF ELIZABETH F. MCDONALD
2  55 New Montgomery Street, Suite 724
   San Francisco, California 94105
3  Telephone:  (415) 512-7788
   Facsimile:  (415) 512-7440
4
   Attorneys for Plaintiffs,
5  KULJEET SINGH and KAMALDEEP SINGH

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF CONTRA COSTA

10

11
   KULJEET SINGH and KAMALDEEP        No. C99-01230
12 SINGH,

13            Plaintiffs,            JUDGMENT BY COURT AFTER DEFAULT

14      vs.

15 BALJIT SINGH, individually and
   doing business as GREYLINE
16 CAB/YELLOW CAB, et al.

17            Defendants.
                                    /
18 _____

19      This cause came on to be heard before the Honorable James R.

20 Trembath presiding in Department 17, on November 30, 1999 at 9:00

21 a.m., Elizabeth F. McDonald of the Law Offices of Elizabeth F.

22 McDonald appearing as attorney for plaintiffs, and it appearing

23 that defendant(s) having been regularly served with process, having

24 failed to appear and answer the plaintiff's complaint filed herein,

25 and the default of said defendant(s) having been duly entered and

26 evidence having been introduced in open session of this Court:

27

28 / / /

   JUDGMENT BY COURT AFTER DEFAULT

1    The court having heard the testimony of plaintiffs and having
2    reviewed the documentary evidence presented by plaintiffs hereby
3    finds that: Defendant BALJIT SINGH, individually and doing business
4    as GREYLINE CAB\YELLOW CAB was negligent; that as a result of
5    defendant's negligence, plaintiff KULJEET SINGH suffered severe
6    life threatening injuries; that as a further result of defendant's
7    negligence plaintiff KULJEET SINGH has incurred economic damages
8    for medical treatment and services in the sum of $380,000, and
9    further, plaintiff KULJEET SINGH suffered wage loss in the sum of
10   $30,000.
11       IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff
12   KULJEET SINGH recover from defendant BALJIT SINGH, individually and
13   doing business as GREYLINE CAB\YELLOW CAB damages in the sum of One
14   Million Dollars [$1,000,000.00], together with plaintiff's costs
15   and disbursements, and interest on said judgment as provided by
16   law.
17       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff
18   KAMALDEEP SINGH recover from defendant BALJIT SINGH, individually
19   and doing business as GREYLINE CAB\YELLOW CAB damages in the sum of
20   Fifty Thousand [$50,000], together with plaintiff's costs and
21   disbursements, and interest on said judgment as provided by law.
22       The Clerk is ordered to enter the judgment.
23
24   Dated: 2-24-00                        JAMES R. TREMBATH
25                                   Hon. James R. Trembath
                                     Judge of the Superior Court
26
27
28

JUDGMENT BY COURT AFTER DEFAULT

# EXHIBIT "B"

SUMMONS
(CITACION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
GAINSCO INC. and DOES 1-10

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
BALJIT SINGH, individually and allegedly doing
business as GREYLINE CAB/YELLOW CAB

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
By M. Hayes
                              Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of the State of California<br>County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>(Número del Caso):<br>CT 08395501 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Alexander J. Berline - 158098          (415) 777-3200   (415) 541-9366
Christine Hiler - 245331
Hanson Bridgett LLP
425 Market Street, 26th Floor, San Francisco, CA 94105

| | | | |
|---|---|---|---|
| DATE: June 27, 2008 | PAT S. SWEETEN | Clerk, by M. Hayes | , Deputy |
| (Fecha) JUN 2 7 2008 | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT "C"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alexander J. Berline - 158098/Christine Hiler - 245331<br>Hanson Bridgett LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>aberline@hansonbridgett.com<br>TELEPHONE NO.: (415) 777-3200    FAX NO.: (415) 541-9366<br>ATTORNEY FOR *(Name)*: PLAINTIFF BAJIT SINGH, indiv. & dba GREYLINE/YELLOW CAB | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>JUN 2 7 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ M. Hayes _____<br>Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: Same |
| CITY AND ZIP CODE: Oakland, CA 94612 |
| BRANCH NAME: Rene C. Davidson Alameda County Courthouse |

| CASE NAME:    BALJIT SINGH, individually and allegedly doing business as<br>GREYLINE CAB/YELLOW CAB v. GAINSCO INC. and DOES 1 - 10 |
|---|

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: 08395501 |
|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[X] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[X] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

**2.** This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

**4.** Number of causes of action *(specify)*:  Four - breach of contract; dec. relief to defend plaintiff; dec. relief to indemify plaintiffs; tortious bad faith

**5.** This case [ ] is [X] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  June 27, 2008
CHRISTINE HILER                                  ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Short Title: BALJIT SINGH, individually and allegedly doing business     Case Number:
as GREYLINE/YELLOW CAB v. GAINSCO, INC. AND DOES 1-10

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [x] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>**Is this an uninsured motorist case ?** [ ] yes [ ] no |
| Other PI /PD /<br>WD Tort | Asbestos (04)<br>Product liability (24)<br>Medical malpractice (45)<br>Other PI/PD/WD tort (23) | [ ] 75 Asbestos (D)<br>[ ] 89 Product liability (not asbestos or toxic tort/environmental) (G)<br>[ ] 97 Medical malpractice (G)<br>[ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07)<br>Civil rights (08)<br>Defamation (13)<br>Fraud (16)<br>Intellectual property (19)<br>Professional negligence (25)<br>Other non-PI/PD/WD tort (35) | [x] 79 Bus tort / unfair bus. practice (G)<br>[ ] 80 Civil rights (G)<br>[ ] 84 Defamation (G)<br>[ ] 24 Fraud (G)<br>[ ] 87 Intellectual property (G)<br>[ ] 59 Professional negligence - non-medical (G)<br>[ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36)<br>Other employment (15) | [ ] 38 Wrongful termination (G)<br>[ ] 85 Other employment (G)<br>[ ] 53 Labor comm award confirmation<br>[ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06)<br>Collections (09)<br>Insurance coverage (18)<br>Other contract (37) | [ ] 04 Breach contract / Wrnty (G)<br>[ ] 81 Collections (G)<br>[x] 86 Ins. coverage - non-complex (G)<br>[ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14)<br>Wrongful eviction (33)<br>Other real property (26) | [ ] 18 Eminent domain / Inv Cdm (G)<br>[ ] 17 Wrongful eviction (G)<br>[ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31)<br>Residential (32)<br>Drugs (38) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession**<br>[ ] 47 Unlawful Detainer - residential **of the property?**<br>[ ] 21 Unlawful detainer - drugs [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05)<br>Petition re: arbitration award (11)<br>Writ of Mandate (02)<br><br>Other judicial review (39) | [ ] 41 Asset forfeiture<br>[ ] 62 Pet. re: arbitration award<br>[ ] 49 Writ of mandate<br>**Is this a CEQA action (Publ.Res.Code section 21000 et seq)** [ ] Yes [ ] No<br>[ ] 64 Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03)<br>Construction defect (10)<br>Claims involving mass tort (40)<br>Securities litigation (28)<br>Toxic tort / Environmental (30)<br>Ins covrg from cmplx case type (41) | [ ] 77 Antitrust / Trade regulation<br>[ ] 82 Construction defect<br>[ ] 78 Claims involving mass tort<br>[ ] 91 Securities litigation<br>[ ] 93 Toxic tort / Environmental<br>[ ] 95 Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment<br>[ ] 08 Confession of judgment |
| Misc. Complaint | RICO (27)<br>Partnership / Corp. governance (21)<br>Other complaint (42) | [ ] 90 RICO (G)<br>[ ] 88 Partnership / Corp. governance (G)<br>[ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name<br>[ ] 69 Other petition |

202-19 (5/1/00)                                                                                        AL20219

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GAINSCO INC. and DOES 1-10

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
By   M. Hayes
                        Deputy
```

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BALJIT SINGH, individually and allegedly doing
business as GREYLINE CAB/YELLOW CAB

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of the State of California County of Alameda 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* 08395501 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander J. Berline - 158098          (415) 777-3200  (415) 541-9366
Christine Hiler - 245331
Hanson Bridgett LLP
425 Market Street, 26th Floor, San Francisco, CA 94105

DATE: June 27, 2008                          Clerk, by   **M. Hayes**                    , Deputy
*(Fecha)* JUN 2 7 2008  **PAT S. SWEETEN**     *(Secretario)*                         *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Alexander J. Berline - 158098<br>Christine Hiler - 245331<br>Hanson Bridgett LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-777-3200     FAX NO. *(Optional)*: 415-541-9366<br>E-MAIL ADDRESS *(Optional)*: aberline@hansonbridgett.com<br>ATTORNEY FOR *(Name)*: BALJIT SINGH, individually and allegedly dba GREYLINE CAB/ | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: BALJIT SINGH, individually and allegedly
doing business as GREYLINE CAB/YELLOW CAB

DEFENDANT/RESPONDENT: GAINSCO, INC. and DOES 1-10

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>08395501 |
|---|---|

TO *(insert name of party being served)*: GAINSCO, INC. and DOES 1-10

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 2, 2008

Kerry T. Pfoor
_____(TYPE OR PRINT NAME)_____          ►          _____
                                                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: ADR Information Package, Civil Case Cover Sheet

*(To be completed by recipient)*:
Date this form is signed:

_____          ►          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

1    HANSON BRIDGETT LLP
     ALEXANDER J. BERLINE - 158098
2    aberline@hansonbridgett.com
     CHRISTINE HILER - 245331
3    chiler@hansonbridgett.com
     425 Market Street, 26th Floor
4    San Francisco, CA 94105
     Telephone: (415) 777-3200
5    Facsimile: (415) 541-9366

6    Attorneys for Plaintiff BALJIT SINGH,
     individually and allegedly doing business as
7    GREYLINE CAB/YELLOW CAB

**ENDORSED
FILED**
ALAMEDA COUNTY

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT
**M. Hayes**
By _____
Deputy

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF ALAMEDA

11

12 BALJIT SINGH, individually and
    allegedly doing business as
13 GREYLINE CAB/YELLOW CAB,

14            Plaintiff,

15      v.

16 GAINSCO INC. and DOES 1 - 10,

17            Defendant.

No. *RG* 08395501

**COMPLAINT FOR DAMAGES**

18

19

20                  **INTRODUCTION**

21

22      Taxi driver Kuljeet Singh was injured on April 23, 1998 while driving a taxi cab

23 (Yellow Cab #112, CA #5S18784), filed a complaint making certain allegations against

24 BALJIT SINGH ("BALJIT"), and obtained a substantial judgment. This is an action by

25 BALJIT against the Auto & General Liability insurer, defendant GAINSCO, INC.

26 (hereinafter, "GAINSCO"), and DOES 1 through 10 (collectively referred to as

27 "Defendants"), to recover sums paid to satisfy that Kuljeet Singh judgment (a true and

28 correct copy which is attached hereto as Exhibit A).

                 - 1 -

      1536916.2

## PARTIES

1.    At all times herein mentioned, Bay Area Taxi Management, Inc. ("BATM") was a California corporation with its principal place of business in Oakland, California. BATM managed the operations of the Yellow Cab fleet, and BALJIT was an officer of BATM.

2.    At all times herein mentioned, BALJIT was an individual and a resident of Alameda, California.

3.    At all times herein mentioned, GAINSCO was a Texas insurer authorized to do business in the State of California.

4.    The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who, therefore, sues said Defendants under such fictitious names. Plaintiff is informed and believes, and thereon allege, that each of the Defendants designated herein as a "DOE" are responsible in some manner for the events and happenings herein referred to and caused some injuries and damages to Plaintiff as herein alleged.

## THE INSURANCE POLICY

5.    On information and belief, in 1997, Plaintiff submitted an application for Auto & General Liability Insurance to GAINSCO. On information and belief, thereafter, in consideration of premium payments, GAINSCO by its duly authorized agents executed and delivered in Oakland, California, an Auto & General Liability policy of insurance bearing policy number GPP143242, which was effective October 26, 1997, to October 26, 1998 (hereinafter, the "GAINSCO POLICY").

## THE UNDERLYING KULJEET ACTION

6.    On information and belief, on or about early 1998 Kuljeet Singh entered into an independent contractor agreement to perform taxi cab driver duties for GREYLINE CAB/YELLOW CAB.

7.    On information and belief, on or about April 23, 1998, Kuljeet Singh responded to a call at 935 Triangle Court, Richmond, California. Kuljeet Singh alleged

- 2 -

1   that the safety shield, between the passenger and driver compartments, was defective.

2   Kuljeet Singh further alleged that GREYLINE/YELLOW cab violated its own safety

3   guidelines in dispatching the call.  Due to this alleged negligence, Kuljeet Singh alleged

4   that he was severely injured in a gun shotting incident (hereinafter, the "INCIDENT").

5        8.    Kuljeet Singh and his wife filed a suit for negligence, assault, and loss of

6   consortium against Plaintiff (hereinafter, the "KULJEET ACTION").

7        9.    Plaintiff was not served with the KULJEET ACTION complaint, and the

8   matter went into default.

9        10.   On information and belief, Plaintiff timely tendered the KULJEET ACTION

10  complaint to GAINSCO, and/or its agents.

11       11.   Prior counsel for Plaintiff tried to set aside that default, but the request was

12  denied and a substantial default judgment was entered (1) in favor of Kuljeet Singh in

13  the sum of one million dollars ($1,000,000), together with costs and disbursements, and

14  interest on said judgment; and (2) in favor of Kuljeet Singh's wife in the sum of fifty

15  thousand ($50,000), together with costs and disbursements, and interest on said

16  judgment.

17       12.   The matter was dormant for several years, until counsel for Kuljeet Singh

18  and his wife started enforcement proceedings on the judgment, which the parties

19  eventually settled for $925,000 (which has now been paid).

20       13.   On May 1, 2008, counsel for Plaintiff sent a letter to GAINSCO seeking

21  reimbursement of these sums and of all defense expenses fees and costs.  GAINSCO

22  disputes responsibility and refuses to reimburse Plaintiff.

**JURISDICTION AND VENUE**

24       14.   Jurisdiction is proper in this Superior Court in and for the City and County

25  of Alameda pursuant to California Code of Civil Procedure section 410.10 because this

26  Court has general subject matter jurisdiction and no statutory exceptions to jurisdiction

27  exist.

28       15.   Venue is proper in the City and County of Alameda pursuant to California

- 3 -

COMPLAINT FOR DAMAGES                                    1536916.2

1  Code of Civil Procedure section 395.5, *inter alia*, because the contracts of insurance

2  were delivered and performed in Alameda.

<strong>FIRST CAUSE OF ACTION</strong>

4  **(Breach of Insurance Contract, By Plaintiff Against GAINSCO, and DOES 1-10.)**

5  16.    Plaintiff incorporates by reference, as though fully set forth herein, the

6  above paragraphs 1 through 15.

7  17.    On information and belief, Plaintiff fully and timely complied with all

8  provisions of the GAINSCO POLICY including, but not limited to, timely payment of the

9  premium and timely tender of the underlying claim and the KULJEET ACTION to

10  GAINSCO.   In the alternative, Plaintiff alleges that he was excused from full compliance

11  because the insurance at issue was mandatory and required by State and/or Local law.

12  18.    GAINSCO was and is contractually obligated to defend and indemnify

13  Plaintiff from suits for bodily injury.

14  19.    Plaintiff was sued in the KULJEET ACTION for bodily injury stemming from

15  the INCIDENT.  Plaintiff demanded that he be defended and indemnified under the

16  GAINSCO POLICY.  GAINSCO has refused and continues to refuse to defend or

17  indemnify Plaintiff, and therefore is in breach of contractual obligations GAINSCO

18  undertook in the GAINSCO POLICY.

19  20.    Plaintiff performed all other duties as required under the GAINSCO

20  POLICY, except those duties which have been excused by GAINSCO'S breach or non-

21  performance.

22  21.    The acts of GAINSCO alleged above were done unreasonably and in

23  breach of the GAINSCO POLICY and the contractual covenant of good faith and fair

24  dealing.

25  22.    As a proximate result of GAINSCO'S contractual breaches, Plaintiff has

26  been compelled to engage counsel and to incur attorneys' fees and other costs and

27  expenses in the defense of the KULJEET ACTION and in prosecution of this Complaint.

28

- 4 -

1    As a further proximate result of GAINSCO's wrongful denial, Plaintiff has been

2    compelled to incur related expenses all according to proof, including but not limited to

3    paying the $925,000 settlement.

### SECOND CAUSE OF ACTION

**(Declaratory Relief, That GAINSCO is Obligated to Defend Plaintiff from the KULJEET ACTION, By Plaintiff Against GAINSCO, and DOES 1-10.)**

23.    Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 22.

24.    An actual controversy has arisen and now exists between Plaintiff and GAINSCO concerning their respective rights and duties in that GAINSCO contends that it has no obligation to defend Plaintiff from the KULJEET ACTION despite, on information and belief, Plaintiff's proper tender.  Plaintiff contends that GAINSCO is obligated to defend Plaintiff.

25.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights and duties under the GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO must defend Plaintiff from the KULJEET ACTION.

### THIRD CAUSE OF ACTION

**(Declaratory Relief, That GAINSCO is Obligated to Indemnify Plaintiff from the SINGH LAWSUIT, By Plaintiff Against GAINSCO, and DOES 1-10.)**

26.    Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 25.

27.    An actual controversy has arisen and now exists between Plaintiff and GAINSCO concerning their respective rights and duties in that GAINSCO contends that it has no obligation to indemnify Plaintiff from the KULJEET ACTION.  Plaintiff contends that GAINSCO is obligated to indemnify Plaintiff.

28.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties under the

- 5 -

1536916.2

GAINSCO POLICY.  Wherefore Plaintiff prays for a declaratory judgment that GAINSCO must indemnify Plaintiff from the KULJEET ACTION.

## FOURTH CAUSE OF ACTION

### (Tortious Bad Faith Denial of Duty to Defend and/or Indemnify, By Plaintiff Against GAINSCO, and DOES 1-10.)

29.    Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 28.

30.    GAINSCO'S acts alleged above were done unreasonably and in tortious breach of the covenant of good faith and fair dealing.

31.    As a proximate result of GAINSCO'S refusal to cover the INCIDENT, Plaintiff was compelled to incur attorneys' fees and other costs and expenses in the defense of the KULJEET ACTION and the litigation of this Complaint.  As a further proximate result of GAINSCO'S wrongful denial Plaintiff has been forced to incur related expenses all according to proof, including but not limited to paying the $925,000 settlement.

32.    The acts of GAINSCO alleged above were done intentionally, maliciously, oppressively, and with the intent of defrauding Plaintiff, who may therefore recover exemplary or punitive damages.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1.    For damages according to proof for breach of contract;

2.    For general and compensatory damages from GAINSCO according to proof;

3.    For defense attorneys' fees and costs;

4.    For prejudgment interest in an amount to be proven at the time of trial;

5.    For a declaration that GAINSCO must defend Plaintiff from the KULJEET ACTION;

6.    For a declaration that GAINSCO must indemnify Plaintiff from the

- 6 -

1    KULJEET ACTION;

2         7.    For attorneys' fees and costs incurred in obtaining GAINSCO POLICY

3    benefits, as provided by law (i.e., *Brandt v. Sup. Ct. (Standard Ins. Co.)* (1985) 37 Cal.3d

4    813);

5         8.    For exemplary and punitive damages as against GAINSCO;

6         9.    For costs of suit herein incurred; and,

7         10.    For such other and further relief as this Court may deem proper.

8

9    DATED:  June 27, 2008                    HANSON BRIDGETT LLP

10

11                                      By: *Chti Hil*

12                                          CHRISTINE HILER
                                            Attorneys for Plaintiff BALJIT SINGH,
                                            individually and allegedly doing
13                                          business as GREYLINE CAB/YELLOW
                                            CAB

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

EXHIBIT A

1  | ELIZABETH F. MCDONALD, State Bar No. 177363
   | LAW OFFICES OF ELIZABETH F. MCDONALD
2  | 55 New Montgomery Street, Suite 724
   | San Francisco, California 94105
3  | Telephone:  (415) 512-7788
   | Facsimile:  (415) 512-7440
4  |
   | Attorneys for Plaintiffs,
5  | KULJEET SINGH and KAMALDEEP SINGH

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF CONTRA COSTA

10

11 | KULJEET SINGH and KAMALDEEP        No. C99-01230
12 | SINGH,
                    Plaintiffs,        JUDGMENT BY COURT AFTER DEFAULT
13
14        vs.

15 | BALJIT SINGH, individually and
   | doing business as GREYLINE
16 | CAB/YELLOW CAB, et al.

17                    Defendants.
                                    /
18

19        This cause came on to be heard before the Honorable James R.

20  Trembath presiding in Department 17, on November 30, 1999 at 9:00

21  a.m., Elizabeth F. McDonald of the Law Offices of Elizabeth F.

22  McDonald appearing as attorney for plaintiffs, and it appearing

23  that defendant(s) having been regularly served with process, having

24  failed to appear and answer the plaintiff's complaint filed herein,

25  and the default of said defendant(s) having been duly entered and

26  evidence having been introduced in open session of this Court:

27

28  / / /

JUDGMENT BY COURT AFTER DEFAULT

1      The court having heard the testimony of plaintiffs and having

2  reviewed the documentary evidence presented by plaintiffs hereby

3  finds that: Defendant BALJIT SINGH, individually and doing business

4  as GREYLINE CAB\YELLOW CAB was negligent; that as a result of

5  defendant's negligence, plaintiff KULJEET SINGH suffered severe

6  life threatening injuries; that as a further result of defendant's

7  negligence plaintiff KULJEET SINGH has incurred economic damages

8  for medical treatment and services in the sum of $380,000, and

9  further, plaintiff KULJEET SINGH suffered wage loss in the sum of

10  $30,000.

11      IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff

12  KULJEET SINGH recover from defendant BALJIT SINGH, individually and

13  doing business as GREYLINE CAB\YELLOW CAB damages in the sum of One

14  Million Dollars [$1,000,000.00], together with plaintiff's costs

15  and disbursements, and interest on said judgment as provided by

16  law.

17      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff

18  KAMALDEEP SINGH recover from defendant BALJIT SINGH, individually

19  and doing business as GREYLINE CAB\YELLOW CAB damages in the sum of

20  Fifty Thousand [$50,000], together with plaintiff's costs and

21  disbursements, and interest on said judgment as provided by law.

22      The Clerk is ordered to enter the judgment.

23

24  Dated: 2-24-00               __JAMES R. TREMBATH__

                                  Hon. James R. Trembath

25                                    Judge of the Superior Court

26

27

28

JUDGMENT BY COURT AFTER DEFAULT

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

## Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, **the plaintiff is required to serve a copy of this ADR information package on each defendant.**

California Rules of Court, Rule 3.221 (*excerpt*)

**(a)    Court to provide information packet**

Each court must make available to the plaintiff, at the time the complaint is filed in all general civil cases, an alternative dispute resolution (ADR) information package that includes, at a minimum, all of the following:

(1)    General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes....

(2)    Information about the ADR programs available in that court....

(3)    In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA....

(4)    An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

**(b)    Court may make package available on Web site....**

**(c)    Plaintiff to serve information package**

In all general civil cases, the plaintiff must serve a copy of the ADR information package on each defendant together with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action together with the cross-complaint.

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties do not have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, much quicker, and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California:

(1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.

(2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.alameda.courts.ca.gov/adr/index.html

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/consumer/mediation_programs.shtml

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 1-800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://members.calbar.ca.gov/search/ba_results.aspx?txtan=&txtln=&County=&District=&ClassTypes=C

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators".**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://www.smogcheck.ca.gov/StdPage.asp?Body=/Geninfo/Otherinfo/Mediation.htm#What%20is%20a%20Mediator or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev  March 2008

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**

Phone: (510) 548-2377; Fax: (510) 548-4051

http://www.ebcm.org/

EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**

Phone: (510) 768-3100;  Fax: (510) 451-6998

http://www.cceb.org/

Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also, provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**291 McLeod Street, Livermore, CA 94550**

Phone: (925) 373-1035; Fax:  (925) 449-0945

http://www.trivalleymediation.com/

Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

ALAMEDA COUNTY SUPERIOR COURT
ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rules of Court, rule 10.783, the presiding judge of the Superior Court of California, County of Alameda designated the Court Executive Officer to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate, or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted during regular court business hours at (510) 690-2705.

**The Judicial Arbitration Process**

**Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 3.815(c)(2)).**

⇒  Parties mailed list of five names from which to select (list mailed within 5-10 business days after receipt of referral).

⇒  Each party may reject one of the names listed (10 calendar days per CRC 3.815(b)(3)).

⇒  The administrator randomly appoints the arbitrators from the names remaining on the list or if one name remains then that name is deemed appointed (CRC 3.815(4)).

**Assignment of Case (CRC 3.817)**

⇒  Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings (CRC 3.817)**

⇒  Must be scheduled to be completed not more than 90 days from the date the arbitrator was assigned. For good cause shown, a Judge may continue the case beyond this 90-day period.

**Award of Arbitrator**

⇒  The arbitrator must file an award within 10 days of the conclusion of the arbitration hearing. The arbitrator may apply to the court for an additional 20 days in cases of unusual length or complexity (CRC 3.825(b)).

⇒  Within 30 days of the filing of the award, a party may file a request for trial (CRC 3.826(a)).

⇒  The clerk must immediately enter the arbitration award as a judgment if no party has served and filed a request for trial during the 30-day period after the award is filed (CRC 3.827).

**Return of Case to Court**

⇒  Upon the filing of a request for trial, the action must proceed as provided under an applicable case management order or, if there is no pending order, promptly set for a case management conference. (CRC 3.826(b)).

⇒  When a judgment is entered, the clerk will notify all parties who have appeared in the case including the judge to whom the case is assigned if there is one (CRC 3.827(b)).

⇒  If a case is settled then each plaintiff or other party must notify the arbitrator and the court as required under California Rules of Court, rule 3.1385 (CRC 3.829).

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| ☐ Berkeley Courthouse<br>2000 Center Street, 2ⁿᵈ Fl., Berkeley, CA 94704 | ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 |
| --- | --- | --- |
| ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 | ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 |
| | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 | |

Case No.:

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered and good cause appearing, now therefore, IT

IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated:

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev. March 2008

1                           PROOF OF SERVICE

2   STATE OF CALIFORNIA )
                         ) ss.
3   COUNTY OF LOS ANGELES )

4       I am employed in the County of Los Angeles, State of
    California.  I am over the age of 18 and not a party to the
5   within action.  My business address is 11900 West Olympic Blvd.,
    Ste. 600, Los Angeles, California 90064.

6
        On August 12, 2008, I served the foregoing document
7   described as **"NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL"**
    on the interested parties in this action by placing a [X] true
8   copy thereof [] the original document enclosed in a sealed
    envelope addressed as follows:

9
                      [SEE ATTACHED SERVICE LIST]

10
     X   (BY MAIL)  In accordance with the regular mail collection
11       and processing practices of this business office, with which
         I am familiar, by means of which mail is deposited with the
12       United States Postal Service at Los Angeles, California that
         same day in the ordinary course of business, I deposited
13       such sealed envelope for collection and mailing on this same
         date following ordinary business practices.
14
         (BY PERSONAL SERVICE)
15              By personally delivering copies to the person
                served.
16              I delivered such envelope by hand to the office of
                the addressee pursuant to C.C.P. Section 1011.
17              I caused such envelope to be delivered by hand to
                the office of the addressee, either by overnight
18              delivery via Overnite Express.
                I caused such envelope to be delivered to the
19              office of the addressee, by telecopier or
                facsimile machine.  Proof of such delivery is
20              attached hereto.

21   STATE
      X      I declare under penalty of perjury under the laws of
22           the State of California that the above is true and
             correct.
23
        Executed on August 12, 2008, at Los Angeles, California.
24

25    ANI MAKHANIAN                  _____
     Name                             Signature
26

27

28

                                    5

1

## Service List

2

_____

3                    *SINGH v. GAINSCO, INC.*

4      Alameda County Superior Court Case No.   RG08395501

5            United States District Court Case No.  TBA

6
_____

7  Alexander J. Berline, Esq.
   Christine Hiler, Esq.
8  HANSON BRIDGETT, LLP
   425 Market Street, 26th Floor
9  San Francisco, CA 94105
   Telephone (415) 777-3200
10 Facsimile (415) 541-9366
   Attorneys for Plaintiff
11 BALJIT SINGH, individually and
   allegedly doing business as GREYLINE CAB/YELLOW CAB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

PROOF OF SERVICE

1

2 STATE OF CALIFORNIA        )
                            ) ss.
3 COUNTY OF LOS ANGELES      )

4      I am employed in the County of Los Angeles, State of
California.  I am over the age of 18 and not a party to the
5 within action.  My business address is 11900 West Olympic Blvd.,
Ste. 600, Los Angeles, California 90064.
6
       On August 12, 2008, I served the foregoing document
7 described as **"NOTICE OF FILING REMOVAL OF ACTION WITH FEDERAL
COURT"** on the interested parties in this action by placing a [X]
8 true copy thereof [] the original document enclosed in a sealed
envelope addressed as follows:
9
                  [SEE ATTACHED SERVICE LIST]
10
    X  (BY MAIL)  In accordance with the regular mail collection
11     and processing practices of this business office, with which
       I am familiar, by means of which mail is deposited with the
12     United States Postal Service at Los Angeles, California that
       same day in the ordinary course of business, I deposited
13     such sealed envelope for collection and mailing on this same
       date following ordinary business practices.
14
       (BY PERSONAL SERVICE)
15          ___  By personally delivering copies to the person
                 served.
16          ___  I delivered such envelope by hand to the office of
                 the addressee pursuant to C.C.P. Section 1011.
17          ___  I caused such envelope to be delivered by hand to
                 the office of the addressee, either by overnight
18               delivery via Overnite Express.
            ___  I caused such envelope to be delivered to the
19               office of the addressee, by telecopier or
                 facsimile machine.  Proof of such delivery is
20               attached hereto.

21 STATE
    X       I declare under penalty of perjury under the laws of
22          the State of California that the above is true and
            correct.
23
       Executed on August 12, 2008, at Los Angeles, California.
24

25     ANI MAKHANIAN
   Name                          Signature
26

27

28

1          Service List

2          _____

3               *SINGH v. GAINSCO, INC.*

4     Alameda County Superior Court Case No.   RG08395501

5          United States District Court Case No.  TBA

6          _____

7    Alexander J. Berline, Esq.
     Christine Hiler, Esq.
8    HANSON BRIDGETT, LLP
     425 Market Street, 26th Floor
9    San Francisco, CA 94105
     Telephone (415) 777-3200
10   Facsimile (415) 541-9366
     Attorneys for Plaintiff
11   BALJIT SINGH, individually and
     allegedly doing business as GREYLINE CAB/YELLOW CAB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          4