HANSON BRIDGETT LLP
ALEXANDER J. BERLINE - 158098
aberline@hansonbridgett.com
CHRISTINE HILER - 245331
chiler@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Plaintiff BALJIT SINGH,
individually and allegedly doing business as
GREYLINE CAB/YELLOW CAB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT SINGH, individually and allegedly doing business as GREYLINE CAB/YELLOW CAB,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GAINSCO INC. and DOES 1 - 10,<br><br>　　　　　　Defendant. | No. C08-03874 PJH<br><br>[State Court Action No. RG 08395501]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:　　September 24, 2008<br>Time:　　9:00 a.m.<br>Ctrm:　　3<br>Judge:　　Hon. Judge Phyllis J. Hamilton<br><br>**Action Filed:** June 27, 2008 |

## I. INTRODUCTION

Defendant General Agents Insurance Company of America, Inc.'s ("GAINSCO's") Motion to Dismiss Plaintiff Baljit Singh's ("Plaintiff's") complaint on the grounds that his breach of contract and bad faith actions are time barred should fail. An action for breach of an insurance contract does not accrue before a breach actually occurs. Therefore, Plaintiff could not, and did not, bring this action for breach of an insurance contract until GAINSCO's recent effective denial of the claim and failure to timely deliver policy benefits.

An action for bad faith does not accrue until the insurer unreasonably withholds policy benefits. Here, again, there is no allegation that an unreasonable withholding of benefits occurred over two years ago, and thus the Motion should be denied. Denying this motion is not just an academic act because the matter was only recently tendered to GAINSCO, and their denial of coverage came in the form of the pending Motion.

GAINSCO's argument that the statute of limitations period began to run when the judgment was entered in 2000 fails because at the time judgment was entered GAINSCO had not denied the claim or unreasonably withheld policy benefits.

Plaintiff was sued in an underlying matter but was never served with the complaint, or otherwise learned of its existence, until after the matter was in default and judgment was entered against him in 2000. It was not until years later in late 2006, early 2007, when the underlying plaintiffs began enforcement proceedings against Plaintiff. Plaintiff only recently hired counsel to fight the proceedings and ultimately settled for $925,000. Accordingly, the tender and denial of the claim both occurred in 2008. Thus, Plaintiff's claim was filed well within the statute of limitations period and GAINSCO's Motion to Dismiss should be denied.

///
///
///
///

## II. STATEMENT OF LAW

**A. Motions to Dismiss Are Viewed With Disfavor And Only Granted In The Clearest Cases Where Plaintiffs Fail To State A Claim For Which Relief May Be Granted.**

A motion to dismiss may be maintained if the party filing the complaint fails "to state a claim upon which relief can be granted." (Fed. R. Civ. Proc. 12(b)(6).) "'[A] complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (*Bell Alt. Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007) (internal citations omitted).) In ruling on this motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." (*Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).) A motion to dismiss is an extreme remedy that "may only be granted in the clearest of cases[,]" and must be denied "where additional facts obviously are required before an ultimate judgment may be formed[.]" (*Swartz v. Eberly*, 212 F. Supp. 32, 36 (E.D. PA 1962).) Moreover, "[b]ecause of the liberal pleading standard prescribed by F.R.C.P. Rule 8(a), dismissal for failure to state a claim is viewed with disfavor, and is rarely granted." (*Sosa, supra,* 646 F.2d at p. 993.)

**B. The Four Year Statute Of Limitations On A Breach Of An Insurance Contract Claim Begins To Run When The Insurer Unconditionally Denies Coverage.**

The statute of limitations on a breach of an insurance contract claim is four years. (Code Civ. Proc. § 337; *see also Frazier v. Metropolitan Life Ins. Co.*, 169 Cal.App.3d 90, 101 (1985).) The statute of limitations on an action to recover policy benefits begins to run "at the latest upon the date of unconditional denial[.]" (*State Farm Fire & Cas. Co. v. Sup. Ct.*, 210 Cal.App.3d 604, 609 (1989); see also Croskey & Kaufman, *California Practice Guide: Insurance Litigation* (Rutters 2008) at ¶12:1143 ("The statute of limitations on a breach of contract action begins to run when the breach occurs. In an action to recover policy benefits, the statute starts to run upon the insurer's *unconditional denial* of the insured's claim").)

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                               1594537.1

**C.    The Two Year Statute Of Limitations On A Tortious Bad Faith Claim Begins To Run When The Insurer Unreasonably Withholds Policy Benefits.**

The statute of limitations on a tortious bad faith claim is two years. (Code Civ. Proc. § 339(1); *see also Richardson v. Allstate Ins. Co.*, 117 Cal.App.3d 8, 13 (1985).) A cause of action for a tortious bad faith claim does not accrue "until the discovery of the loss or damage suffered by the aggrieved party thereunder." (Code Civ. Proc. § 339(1).) From a bad faith standpoint, this means that the cause of action accrues when the insurer denies the claim and unreasonably withholds policy benefits by formally denying the claim. (*Frazier v. Metropolitan Life Insurance Co.*, 169 Cal.App.3d 90, 103-104 (1985).) The reasoning is that until the insurer denies the claim and lays out the grounds for doing so, the insured cannot "ascertain whether or not [the insurer] has acted in bad faith." (*Id.* at p. 103.)

### III.    STATEMENT OF FACTS

**A.    Procedural Background.**

On June 27, 2008, Plaintiff filed this action against GAINSCO in the Alameda County Superior Court of California. (See Request for Judicial Notice ("RJN") Ex. 1.) Plaintiff seeks (1) damages for breach of an insurance contract; (2) declaratory relief that GAINSCO is obligated to defend Plaintiff from the underlying Kuljeet Singh action; (3) declaratory relief that GAINSCO is obligated to indemnify Plaintiff from the Kuljeet Singh action; and (4) damages for GAINSCO's tortious bad faith denial of duty to defend and/or indemnify. (RJN Ex. 1.) On August 14, 2008, GAINSCO removed this action to the Northern District of California.

**B.    Factual Background.**

This action arises out of an incident where Kuljeet Singh ("Kuljeet"), an independent contractor performing taxi cab driver duties for Plaintiff, responded to a call in Richmond, California, where, allegedly due to his own negligence, Kuljeet was severely injured in a gun shooting accident. (RJN Ex. 1 at ¶¶ 6-8.) Kuljeet and his wife filed suit for negligence, assault, and loss of consortium against Plaintiff (hereinafter

- 4 -

"Kuljeet Action"). (*Id.* at ¶8.) Plaintiff was not served with the Kuljeet Action complaint and the matter went into default. (*Id.* at ¶9.) Default was entered on February 24, 2000 (1) in favor of Kuljeet in the sum of $1,000,000, together with costs and disbursements, and interest on said judgment; and (2) in favor of Kuljeet's wife in the sum of fifty thousand ($50,000), together with costs and disbursements, and interest on said judgment. (*Id.* at ¶11.)

The matter was dormant for several years, until counsel for Kuljeet and his wife started enforcement proceedings on the judgment in approximately late 2006, early 2007. (*Id.* at ¶12.) Plaintiff's counsel eventually settled with counsel for Kuljeet and his wife for $925,000, and which has now been paid. (*Id.* at ¶12.)

Plaintiff timely tendered the claim on May 1, 2008 when counsel for Plaintiff formally sent a letter to GAINSCO seeking reimbursement of these sums. (*Id.* at ¶¶ 10 & 13.) GAINSCO disputes responsibility and refuses to reimburse Plaintiff as evidenced by this pending Motion. (*Id.*)

## IV.     LEGAL ARGUMENT

### A.     Plaintiff's Causes Of Action Did Not Accrue Until Mid-2008 And Thus, These Causes Of Action Are Not Time Barred.

The statute of limitations for a breach of contract and tortious bad faith action are four and two years respectively. (Cal. Code Civ. Proc. §§ 337 and 339(1).) This limitations period begins to run when GAINSCO breaches its insurance policy contract by unconditionally *denying coverage* and *unreasonably withholding* policy benefits. (*Frazier, supra,* 169 Cal.App.3d at pp. 103-104; see also *State Farm Fire & Cas. Co., supra,* 210 Cal.App.3d at p. 609.)

GAINSCO argues that Plaintiff's claim for breach of contract and tortious bad faith are time barred because the statute of limitations started running when judgment was entered against Plaintiff in 2000. In coming to this conclusion, GAINSCO heavily relies on two cases, *Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal.3d 1072 (1991) and *Eaton Hydraulics Inc. v. Continental Casualty Co.*, 132 Cal.App.4th 966 (2005) for the

- 5 -

proposition that the statute of limitations begins to run at final judgment.

The unique factual situation presented here, however, is distinguishable from *Lambert* and *Continental* where the insurer clearly denied coverage prior to judgment. Under those circumstances, the courts held that the statute of limitations would be equitably tolled based on the fact that the duty to defend is a continuing duty, and thus, a breach occurred up until the point of final judgment. Accordingly, the courts' decisions in those cases hinged not on the *judgment* as GAINSCO tries to argue, but rather, consistent with *Frazier*, were still dependent on when the *breach* occurred.

Typically, causes of action for breach of insurance contracts and tortious bad faith follow a similar timeline to that presented by *Lambert* and *Eaton*. An incident occurs; a claim is tendered; the insurance company grants or denies a claims; a lawsuit is filed and served; and the lawsuit is resolved. Under those circumstances, the legal standard presented by GAINSCO in *Lambert* and *Eaton* would be relevant because the breach of the duty to defend and indemnify would be tolled from the date of the denial to the date of resolution of the case.

Here, Plaintiff was never served with the lawsuit and did not know about it until after the matter went into default and judgment was entered in 2000. (See RJN Ex. 1 at ¶11.) Plaintiff was unaware of the facts and arguments made at the default hearing, and thus was unaware that any insurance coverage might be available. The statute of limitations cannot begin to run at judgment here as it did in *Lambert* and *Eaton* because Plaintiff did not know about the lawsuit up to this point; had not incurred any damages; and, most importantly, did not tender a claim for GAINSCO to deny.

Here, Plaintiff did not tender the claim to GAINSCO until 2008 shortly after he became aware of new facts and the existence of the GAINSCO policy. GAINSCO never formally denied the claim until after May 1, 2008. (See RJN Ex. 1 at ¶13.) This is the first point where GAINSCO ever disputed responsibility and refused to reimburse Plaintiff. (*Id.*) Thus, it was not until mid-2008 when GAINSCO actually breached its contract and unreasonably withheld policy benefits, giving rise to this lawsuit.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1594537.1

GAINSCO's analysis ignores the crucial step requiring that the insurance company actually deny the claim and withhold benefits before a cause of action accrues and starts the statute of limitations running.

**B. Plaintiff's Claims Are Still Timely Even If The Court Applies GAINSCO's Proposed Legal Standard For Determining When The Statute Of Limitations Begins To Run.**

Even ignoring the requirement that the insurer must deny the insured's claim and unreasonably withhold policy benefits to start the statute of limitations running on the breach of contract and bad faith claims; and even assuming GAINSCO's proposed standard that the statute of limitations runs from the resolution of the case, Plaintiff's claims are still timely. GAINSCO cites and even underlines a quote from *Lambert* which provides in relevant part that "Thus, we recognize the justice and fairness of equitably tolling the insured's action to establish coverage <u>until resolution of the underlying claim</u>." (GAINSCO's Motion to Dismiss at p. 5:17-21 (citing *Lambert, supra,* 53 Cal.3d at p. 1077).)

Here, the lawsuit was certainly not resolved when default judgment was entered in 2000. (See RJN Ex. 1 at ¶11.) It was not until several years later in late 2006, early 2007 when counsel for Kuljeet Singh and his wife started enforcement proceedings on the judgment. (*Id.* at ¶12.) The parties eventually settled for $925,000. (*Id.*) Accordingly, even if the statute of limitations begins to run at the "resolution of the underlying claim," this did not occur until approximately 2007, less than two years ago. Under GAINSCO's own legal standard, these claims are still timely.

///
///
///
///
///
///
///

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1594537.1

## V. CONCLUSION

Defendants' motion to strike on the grounds that the four year breach of contract and two year bad faith statutes of limitations passed fails because Plaintiff's breach of contract and bad faith claims did not accrue until 2008. The statute of limitations for breach of contract and bad faith do not start to run until the insurer clearly denies Plaintiff's claim and unreasonably withholds benefits. This did not happen until 2008.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny GAINSCO's Motion to Dismiss.

DATED: September 3, 2008                    HANSON BRIDGETT LLP

By: _____
ALEXANDER J. BERLINE
CHRISTINE HILER
Attorneys for Plaintiff BALJIT SINGH, individually and allegedly doing business as GREYLINE CAB/YELLOW CAB