HANSON BRIDGETT LLP
ALEXANDER J. BERLINE - 158098
aberline@hansonbridgett.com
CHRISTINE HILER - 245331
chiler@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff BALJIT SINGH,
individually and allegedly doing business as
GREYLINE CAB/YELLOW CAB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT SINGH, individually and allegedly doing business as GREYLINE CAB/YELLOW CAB,<br><br>Plaintiff,<br><br>v.<br><br>GAINSCO INC. and DOES 1 - 10,<br><br>Defendant. | No. C08-03874 PJH<br><br>[State Court Action No. RG 08395501]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: September 24, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3<br>Judge: Hon. Judge Phyllis J. Hamilton<br><br>**Action Filed:** June 27, 2008 |

- 1 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

1597809.1

1  Plaintiff BALJIT SINGH ("Plaintiff"), by and through his attorneys, hereby requests
2  the Court to take judicial notice pursuant to Federal Rules of Evidence 201 of the
3  following document offered in support of Plaintiff's Opposition to Defendant General
4  Agents Insurance Company of America, Inc.'s ("GAINSCO's") Motion to Dismiss:
5  A copy of the Complaint filed by Plaintiff in the Alameda County Superior Court of
6  California on June 27, 2008, in the above entitled action, a true and correct copy of
7  which is attached hereto as Exhibit 1.

## MEMORANDUM OF POINTS AND AUTHORITIES

9  Pursuant to Federal Rules of Evidence 201, a "judicially noticed fact must be one
10 not subject to reasonable dispute in that it is either (1) generally known within the
11 territorial jurisdiction of the trial court or (2) capable of accurate and ready determination
12 by resort to sources whose accuracy cannot reasonably be questioned." (Fed. Rule
13 Evid. R. 201(b).) "A court shall take judicial notice if requested by a party and supplied
14 with the necessary information." (Fed. R. Evid. 201(d).)
15 Under this rule, courts may take judicial notice of documents filed in federal and
16 state courts. (*See e.g., Agcaoili v. Wiersielis*, 273 Fed. Appx. 138, fn. 1 (3d Cir. N.J.
17 2008) (judicially noticing the complaint previously filed by the same plaintiff against the
18 same defendant but dismissed for lack of subject matter jurisdiction); *see e.g., Doran v.
19 Eckold*, 409 F.3d 958, 962, fn.1 (8th Cir. 2005) (judicially noticing a search warrant and
20 documents considered by the district court judge at a summary judgment hearing); *see
21 also* Jones & Rosen, *Rutter Group Practice Guide: Federal Civil Trials and Evidence*
22 (The Rutter Group 2008) ¶8:875.) Courts may take judicial notice of records of another
23 court because they are matters of public record that are capable of accurate and ready
24 determination by resort to sources whose accuracy cannot be reasonably questioned.
25 (Fed. R. Evid. 201(b); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)
26 (judicially noticing "the California Court of Appeal opinion and the briefs filed in that
27 proceeding and in the trial court").)
28 Here, Plaintiff filed his complaint in the Superior Court of Alameda County

- 2 -

1  Superior Court of California on June 27, 2008.  Accordingly, the existence of the
2  complaint and the allegations that it contains are matter of public record capable of
3  accurate and ready determination by resort to sources whose accuracy cannot be
4  reasonably questioned.
5      Therefore, Plaintiff respectfully requests that this Court take judicial notice of
6  Exhibit 1.

8  DATED: September 3, 2008        HANSON BRIDGETT LLP

10  By: /s/ Christine Hiler
11  ALEXANDER J. BERLINE
    CHRISTINE HILER
    Attorneys for Plaintiff BALJIT SINGH,
12  individually and allegedly doing
    business as GREYLINE CAB/YELLOW
13  CAB

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS    1597809.1

# EXHIBIT 1

1  HANSON BRIDGETT LLP
   ALEXANDER J. BERLINE - 158098
2  aberline@hansonbridgett.com
   CHRISTINE HILER - 245331
3  chiler@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:  (415) 777-3200
5  Facsimile:  (415) 541-9366

6  Attorneys for Plaintiff BALJIT SINGH,
   individually and allegedly doing business as
7  GREYLINE CAB/YELLOW CAB

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUN 27 2008

CLERK OF THE SUPERIOR COURT
By _____**M. Hayes**_____
                        Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

BALJIT SINGH, individually and
allegedly doing business as
GREYLINE CAB/YELLOW CAB,

  Plaintiff,

  v.

GAINSCO INC. and DOES 1 - 10,

  Defendant.

No. RG0 8395501

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

Taxi driver Kuljeet Singh was injured on April 23, 1998 while driving a taxi cab (Yellow Cab #112, CA #5S18784), filed a complaint making certain allegations against BALJIT SINGH ("BALJIT"), and obtained a substantial judgment. This is an action by BALJIT against the Auto & General Liability insurer, defendant GAINSCO, INC. (hereinafter, "GAINSCO"), and DOES 1 through 10 (collectively referred to as "Defendants"), to recover sums paid to satisfy that Kuljeet Singh judgment (a true and correct copy which is attached hereto as Exhibit A).

- 1 -

COMPLAINT FOR DAMAGES                                                                                    1536916.2

## PARTIES

1. At all times herein mentioned, Bay Area Taxi Management, Inc. ("BATM") was a California corporation with its principal place of business in Oakland, California. BATM managed the operations of the Yellow Cab fleet, and BALJIT was an officer of BATM.

2. At all times herein mentioned, BALJIT was an individual and a resident of Alameda, California.

3. At all times herein mentioned, GAINSCO was a Texas insurer authorized to do business in the State of California.

4. The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who, therefore, sues said Defendants under such fictitious names. Plaintiff is informed and believes, and thereon allege, that each of the Defendants designated herein as a "DOE" are responsible in some manner for the events and happenings herein referred to and caused some injuries and damages to Plaintiff as herein alleged.

## THE INSURANCE POLICY

5. On information and belief, in 1997, Plaintiff submitted an application for Auto & General Liability Insurance to GAINSCO. On information and belief, thereafter, in consideration of premium payments, GAINSCO by its duly authorized agents executed and delivered in Oakland, California, an Auto & General Liability policy of insurance bearing policy number GPP143242, which was effective October 26, 1997, to October 26, 1998 (hereinafter, the "GAINSCO POLICY").

## THE UNDERLYING KULJEET ACTION

6. On information and belief, on or about early 1998 Kuljeet Singh entered into an independent contractor agreement to perform taxi cab driver duties for GREYLINE CAB/YELLOW CAB.

7. On information and belief, on or about April 23, 1998, Kuljeet Singh responded to a call at 935 Triangle Court, Richmond, California. Kuljeet Singh alleged

- 2 -

COMPLAINT FOR DAMAGES                                            1536916.2

1  that the safety shield, between the passenger and driver compartments, was defective.
2  Kuljeet Singh further alleged that GREYLINE/YELLOW cab violated its own safety
3  guidelines in dispatching the call. Due to this alleged negligence, Kuljeet Singh alleged
4  that he was severely injured in a gun shotting incident (hereinafter, the "INCIDENT").

5       8.    Kuljeet Singh and his wife filed a suit for negligence, assault, and loss of
6  consortium against Plaintiff (hereinafter, the "KULJEET ACTION").

7       9.    Plaintiff was not served with the KULJEET ACTION complaint, and the
8  matter went into default.

9       10.   On information and belief, Plaintiff timely tendered the KULJEET ACTION
10 complaint to GAINSCO, and/or its agents.

11      11.   Prior counsel for Plaintiff tried to set aside that default, but the request was
12 denied and a substantial default judgment was entered (1) in favor of Kuljeet Singh in
13 the sum of one million dollars ($1,000,000), together with costs and disbursements, and
14 interest on said judgment; and (2) in favor of Kuljeet Singh's wife in the sum of fifty
15 thousand ($50,000), together with costs and disbursements, and interest on said
16 judgment.

17      12.   The matter was dormant for several years, until counsel for Kuljeet Singh
18 and his wife started enforcement proceedings on the judgment, which the parties
19 eventually settled for $925,000 (which has now been paid).

20      13.   On May 1, 2008, counsel for Plaintiff sent a letter to GAINSCO seeking
21 reimbursement of these sums and of all defense expenses fees and costs. GAINSCO
22 disputes responsibility and refuses to reimburse Plaintiff.

## JURISDICTION AND VENUE

24      14.   Jurisdiction is proper in this Superior Court in and for the City and County
25 of Alameda pursuant to California Code of Civil Procedure section 410.10 because this
26 Court has general subject matter jurisdiction and no statutory exceptions to jurisdiction
27 exist.

28      15.   Venue is proper in the City and County of Alameda pursuant to California

- 3 -

Code of Civil Procedure section 395.5, *inter alia*, because the contracts of insurance were delivered and performed in Alameda.

**FIRST CAUSE OF ACTION**

**(Breach of Insurance Contract, By Plaintiff Against GAINSCO, and DOES 1-10.)**

16. Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 15.

17. On information and belief, Plaintiff fully and timely complied with all provisions of the GAINSCO POLICY including, but not limited to, timely payment of the premium and timely tender of the underlying claim and the KULJEET ACTION to GAINSCO. In the alternative, Plaintiff alleges that he was excused from full compliance because the insurance at issue was mandatory and required by State and/or Local law.

18. GAINSCO was and is contractually obligated to defend and indemnify Plaintiff from suits for bodily injury.

19. Plaintiff was sued in the KULJEET ACTION for bodily injury stemming from the INCIDENT. Plaintiff demanded that he be defended and indemnified under the GAINSCO POLICY. GAINSCO has refused and continues to refuse to defend or indemnify Plaintiff, and therefore is in breach of contractual obligations GAINSCO undertook in the GAINSCO POLICY.

20. Plaintiff performed all other duties as required under the GAINSCO POLICY, except those duties which have been excused by GAINSCO'S breach or non-performance.

21. The acts of GAINSCO alleged above were done unreasonably and in breach of the GAINSCO POLICY and the contractual covenant of good faith and fair dealing.

22. As a proximate result of GAINSCO'S contractual breaches, Plaintiff has been compelled to engage counsel and to incur attorneys' fees and other costs and expenses in the defense of the KULJEET ACTION and in prosecution of this Complaint.

- 4 -

As a further proximate result of GAINSCO's wrongful denial, Plaintiff has been compelled to incur related expenses all according to proof, including but not limited to paying the $925,000 settlement.

## SECOND CAUSE OF ACTION

### (Declaratory Relief, That GAINSCO is Obligated to Defend Plaintiff from the KULJEET ACTION, By Plaintiff Against GAINSCO, and DOES 1-10.)

23. Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 22.

24. An actual controversy has arisen and now exists between Plaintiff and GAINSCO concerning their respective rights and duties in that GAINSCO contends that it has no obligation to defend Plaintiff from the KULJEET ACTION despite, on information and belief, Plaintiff's proper tender. Plaintiff contends that GAINSCO is obligated to defend Plaintiff.

25. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights and duties under the GAINSCO POLICY. Wherefore Plaintiff prays for a declaratory judgment that GAINSCO must defend Plaintiff from the KULJEET ACTION.

## THIRD CAUSE OF ACTION

### (Declaratory Relief, That GAINSCO is Obligated to Indemnify Plaintiff from the SINGH LAWSUIT, By Plaintiff Against GAINSCO, and DOES 1-10.)

26. Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 25.

27. An actual controversy has arisen and now exists between Plaintiff and GAINSCO concerning their respective rights and duties in that GAINSCO contends that it has no obligation to indemnify Plaintiff from the KULJEET ACTION. Plaintiff contends that GAINSCO is obligated to indemnify Plaintiff.

28. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties under the

COMPLAINT FOR DAMAGES                                              1536916.2

GAINSCO POLICY. Wherefore Plaintiff prays for a declaratory judgment that GAINSCO must indemnify Plaintiff from the KULJEET ACTION.

### FOURTH CAUSE OF ACTION

**(Tortious Bad Faith Denial of Duty to Defend and/or Indemnify, By Plaintiff Against GAINSCO, and DOES 1-10.)**

29. Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 28.

30. GAINSCO'S acts alleged above were done unreasonably and in tortuous breach of the covenant of good faith and fair dealing.

31. As a proximate result of GAINSCO'S refusal to cover the INCIDENT, Plaintiff was compelled to incur attorneys' fees and other costs and expenses in the defense of the KULJEET ACTION and the litigation of this Complaint. As a further proximate result of GAINSCO'S wrongful denial Plaintiff has been forced to incur related expenses all according to proof, including but not limited to paying the $925,000 settlement.

32. The acts of GAINSCO alleged above were done intentionally, maliciously, oppressively, and with the intent of defrauding Plaintiff, who may therefore recover exemplary or punitive damages.

### PRAYER

WHEREFORE, Plaintiff prays as follows:

1. For damages according to proof for breach of contract;

2. For general and compensatory damages from GAINSCO according to proof;

3. For defense attorneys' fees and costs;

4. For prejudgment interest in an amount to be proven at the time of trial;

5. For a declaration that GAINSCO must defend Plaintiff from the KULJEET ACTION;

6. For a declaration that GAINSCO must indemnify Plaintiff from the

- 6 -

COMPLAINT FOR DAMAGES

1536916.2

1 KULJEET ACTION;

2     7. For attorneys' fees and costs incurred in obtaining GAINSCO POLICY benefits, as provided by law (i.e., *Brandt v. Sup. Ct. (Standard Ins. Co.)* (1985) 37 Cal.3d 813);

    8. For exemplary and punitive damages as against GAINSCO;

    9. For costs of suit herein incurred; and,

    10. For such other and further relief as this Court may deem proper.

DATED: June 27, 2008

HANSON BRIDGETT LLP

By: *[signature]*
CHRISTINE HILER
Attorneys for Plaintiff BALJIT SINGH, individually and allegedly doing business as GREYLINE CAB/YELLOW CAB

COMPLAINT FOR DAMAGES

1536916.2

EXHIBIT A

```
ELIZABETH F. MCDONALD, State Bar No. 177363
LAW OFFICES OF ELIZABETH F. MCDONALD
55 New Montgomery Street, Suite 724
San Francisco, California 94105
Telephone:  (415) 512-7788
Facsimile:  (415) 512-7440

Attorneys for Plaintiffs,
KULJEET SINGH and KAMALDEEP SINGH
```



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| KULJEET SINGH and KAMALDEEP SINGH,<br><br>        Plaintiffs,<br><br>vs.<br><br>BALJIT SINGH, individually and doing business as GREYLINE CAB/YELLOW CAB, et al.<br><br>        Defendants. | No. C99-01230<br><br>JUDGMENT BY COURT AFTER DEFAULT |

This cause came on to be heard before the Honorable James R. Trembath presiding in Department 17, on November 30, 1999 at 9:00 a.m., Elizabeth F. McDonald of the Law Offices of Elizabeth F. McDonald appearing as attorney for plaintiffs, and it appearing that defendant(s) having been regularly served with process, having failed to appear and answer the plaintiff's complaint filed herein, and the default of said defendant(s) having been duly entered and evidence having been introduced in open session of this Court:

/ / /

JUDGMENT BY COURT AFTER DEFAULT

The court having heard the testimony of plaintiffs and having reviewed the documentary evidence presented by plaintiffs hereby finds that: Defendant BALJIT SINGH, individually and doing business as GREYLINE CAB\YELLOW CAB was negligent; that as a result of defendant's negligence, plaintiff KULJEET SINGH suffered severe life threatening injuries; that as a further result of defendant's negligence plaintiff KULJEET SINGH has incurred economic damages for medical treatment and services in the sum of $380,000, and further, plaintiff KULJEET SINGH suffered wage loss in the sum of $30,000.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff KULJEET SINGH recover from defendant BALJIT SINGH, individually and doing business as GREYLINE CAB\YELLOW CAB damages in the sum of One Million Dollars [$1,000,000.00], together with plaintiff's costs and disbursements, and interest on said judgment as provided by law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff KAMALDEEP SINGH recover from defendant BALJIT SINGH, individually and doing business as GREYLINE CAB\YELLOW CAB damages in the sum of Fifty Thousand [$50,000], together with plaintiff's costs and disbursements, and interest on said judgment as provided by law.

The Clerk is ordered to enter the judgment.

Dated: 2-24-00

JAMES R. TREMBATH
Hon. James R. Trembath
Judge of the Superior Court

JUDGMENT BY COURT AFTER DEFAULT